[No. 1566.]

DURKEE ET AL. v. CONKLIN ET AL.

1. APPELLATE PRACTICE—VERDICT OF JURY.
The verdict of a jury on questions of fact submitted to the jury on the evidence is conclusive upon the appellate court, where there is evidence upon which to base such verdict.

2. BILLS AND NOTES— ORDERS—ACCEPTANCE—STATUTE OF FRAUD.
The acceptance of an order drawn upon funds of the drawer in the hands of the drawee is not a promise to pay the debt of another within the meaning of the statute of frauds and is not required to be in writing.

3. BILLS AND NOTES—ORDERS — VERBAL ACCEPTANCE — FUNDS ON HAND.

A verbal acceptance of an order is binding on the acceptor even though at the time of the acceptance he has no funds of the drawer in his hands, if thereafter such funds come into his hands.

4. SAME—ESTOPPEL.

Where a drawee verbally accepts an order and afterwards pays to the drawer money more than enough to have paid the order, he is estopped from denying that funds of the drawer came to his hands.

ɔ. BILLS AND NOTES—ORDERS—CONSIDERATION.

The payment of a debt, owed by the drawee to the drawer of an order for the payment of money, is a sufficient consideration for the promise of the drawee to pay the order.

6. PARTNERSHIP—PRACTICE—AMENDMENTS—WAIVER.

Where two defendants were sued as partners and they appeared and denied the partnership and plaintiff amended his complaint by striking out the partnership allegations, and the defendants remained and defended the action, they thereby waived their right to object that they were brought into court to defend a partnership action and could not be held as individuals, if the objection was available at all.

7. PARTNERSHIP—PRACTICE—AMENDMENTS—PARTIES.

Under section 75, civil code, it is permissible to amend a complaint against the defendants as partners by striking out the partnership allegations and to continue the action against the defendants as individuals.

8. INSTRUCTIONS—HARMLESS ERROR.

An erroneous instruction relative to interest which plaintiff might recover is harmless error where the record shows that the verdict and judgment was only for the amount of the principal and that no interest was allowed.

*Appeal from the District Court of Delta County.*

Mr. S. S. SHERMAN, for appellants.

Messrs. KING & ROBERTSON, for appellees.

WILSON, J.

In April, 1896, W. A. Wagner entered into a contract in writing with appellants, who were defendants in this suit, to construct for them a certain irrigating ditch, for which he

was to be paid a stipulated amount per rod.   This construction work necessitated the employment by Wagner of a considerable force of men, and in order to carry out his contract, it was also necessary for him to purchase a considerable amount of groceries and other supplies for his men and for the work.   These supplies were purchased from plaintiffs, Conklin & Gaunt, who were merchants doing business in the vicinity.   About May 19, Wagner having already constructed a considerable portion of the ditch, and being desirous of purchasing further supplies from the plaintiffs, gave them an order in writing upon the defendants for the sum of $200.   A short time thereafter plaintiffs claim that they notified the defendants of the existence of such order, and that they verbally accepted and agreed to pay the same.   The supplies were furnished to the amount of the order, but payment of the order being thereafter refused, this suit was brought to enforce it.   The action was commenced in the county court and was against the defendants as partners, their partnership being alleged in the complaint.   For answer the defendants denied their partnership, and for a second defense alleged that the alleged promise of defendants as set forth in the complaint was a special promise to answer for the debt, default and miscarriage of another; that no note or memorandum of said promise or agreement was made in writing or subscribed by the defendants, or any other person by their authority, or at all; and that it was therefore within the statute of frauds.   A trial was had in the county court, and judgment was rendered in favor of the plaintiffs.   And appeal was had to the district court, and in this, a trial being had to a jury, the verdict and judgment were again in favor of the plaintiffs.

There is a large number of assignments of error, but the settlement and determination of a few questions will dispose of all of them.   These questions are substantially those that were embraced in the motion of defendants for a nonsuit. They are, that there was no acceptance of the order shown; that there was no consideration for such acceptance shown;

that there were no funds shown to be in defendants' hands at the time of the alleged acceptance, and that the promise shown was one to pay the debt of another, and within the statute of frauds.  As to the claim that there was no acceptance of the order shown, and that there were no funds shown to be in defendants' hands at the time of the alleged acceptance, it need only be said that these were questions of fact which were submitted to the jury; that the findings of the jury were against the contention of defendants, and that there was evidence upon which to base such findings, therefore, under the well settled rule in such cases, this verdict of the jury is conclusive upon this court.  Nor do we think the contention of defendants that the acceptance and promise to pay were within the statute of frauds can be maintained.  It was not such a promise as under the authorities was contemplated by the statute.  The promise set forth in the complaint and in support of which evidence was given, was not as surety or guarantor to become responsible for or to pay the debt of Wagner to plaintiffs.  It was a promise to pay a certain amount of money from the funds of Wagner himself, then in the possession of defendants, or to come into their possession thereafter.  It was a promise similar to that which in *Hughes v. Fisher*, 10 Colo. 383, was held by the supreme court not to be a promise to pay the debt of another in the sense of the statute.  It was a promise, as said by the supreme court in that case, " to disburse the funds of another upon his order in a particular way."

Defendants insist that the verbal acceptance of an order is valid and can be enforced only where the funds of the drawer are actually in the hands of the person upon whom the order is drawn at the time of the acceptance.  Under the law as settled in this state, this is not correct.  *Hughes v. Fisher, supra.*  The verbal acceptance may bind, even though the party has not at that time in his hands funds of the drawer, if thereafter such funds should come into his hands. This seems to have been the case in this instance.  It was shown that after the acceptance of this order, the defendants

paid to Wagner on account of ditch construction a sum more than sufficient to have paid this order. This estops them from denying that such funds did come into their hands. The jury having found that the acceptance was unconditional, they should have paid to plaintiffs the amount of this order, instead of paying the sum to Wagner.

Defendants also urge that no consideration was shown for the alleged promise of defendants to pay the order. A sufficient consideration was the payment of their debt to Wagner.

It appears that in the caption to the original complaint, the defendants were designated as partners doing business under the firm name of Durkee Bros., and this partnership was alleged in the body of the complaint. The defendants joined in an answer which, *inter alia*, denied the averment of their partnership, and the denial was supported by the testimony of both defendants on trial in the county court. The summons was addressed to the defendants individually, and was served upon each of them. Before trial in the district court, plaintiffs were permitted to amend their complaint by striking out the allegation of partnership of defendants. Error is predicated upon this action of the court, defendants insisting that they being in court only to defend a suit against them in an alleged partnership capacity, they could not be compelled to stay and defend the suit when the pleadings were so changed as to make the suit one against them individually,—that the amendment was a dismissal of the action appealed from the county court. A sufficient answer to this would be that the defendants elected to stay and did remain of their own volition and defend the suit after the amendment was allowed. They introduced much testimony, and in every way made a most vigorous defense. By so doing they waived the right to avail themselves of their objection, if the objection was available at all.

Moreover, it would seem that the amendment was clearly permitted under the provisions of the code, section 75. We see no difference in principle between the amendment in this case and that allowed in *Hamill v. Ashley*, 11 Colo. 180. We can-

not see how the amendment could in any manner, or did, prejudicially affect the rights of defendants in their defense. If their liability was established, they were liable as individuals whether they were partners or not.

There is a suggestion in defendants' brief that the court erred in one of its instructions relative to interest which the plaintiffs were entitled to recover from the time of the acceptance of the order. The verdict and judgment, however, being only for the amount of the principal, it seems that no interest was allowed, and therefore defendants were not prejudiced, even if there was error in the instruction. We do not say that there was error, but the facts stated relieved this court from the necessity of considering the question.

This substantially covers all of the questions discussed by counsel in their brief, and being unable to discover any error in the proceedings of the trial court, its judgment will be affirmed.

*Affirmed.*