[No. 5908.]

## MILLIMAN v. MILLIMAN.

**Divorce—Not Granted to the Innocent Spouse against His or Her Will**—A woman who is without fault cannot be divorced against her will.—(294)

The prayer for divorce may be withdrawn at any time before decree is entered.—(294)

*Error to Denver County Court*—Hon. Charles McCall, Judge.

Messrs. Morrow, Skelton & Morrow, for plaintiff in error.

Mr. W. T. Rogers, for defendant in error.

Chief Justice Steele delivered the opinion of the court:

Edward Milliman filed a complaint in divorce against Cora Milliman, in the county court of the City and County of Denver. An answer and cross-complaint was filed by the defendant, denying the material allegations of the complaint, and, in her cross-complaint, charging the plaintiff with the violation of his marriage obligation; but she did not pray for a divorce.

The case came on for trial, and the jury returned a verdict finding the defendant guilty of extreme cruelty, as charged in the complaint, and finding the plaintiff guilty of extreme cruelty as charged in the cross-complaint. At this time, a colloquy occurred between counsel for the parties, whereupon one of the attorneys made the statement: "You have secured a verdict in this case which prevents the granting of a divorce, and you ought to be satisfied, without asking the plaintiff to pay attorneys' fees in addition to the costs in the case." Thereupon, one of the jurors arose and said: "Do I understand that this verdict prevents the granting of a divorce?" The court responded: "It does prevent the granting of a divorce." The juror said that it was not his understanding, when he agreed to the verdict, that it prevented the granting of a divorce, but that he understood that the plaintiff would be granted a divorce on his complaint, and the defendant would be granted alimony on her cross-complaint. The

jury was thereupon polled, and announced that the verdict returned was not their verdict, and the court permitted the jury to retire. Counsel for defendant then stated that if the court was going to permit the jury to decide whether the parties to said action should be divorced, he would ask leave to amend the cross-complaint, so as to ask for a divorce. The defendant was absent at this time from the courtroom. The court then granted defendant leave to amend her cross-complaint, which order was entered of record by the clerk of the court; but no amendment was made at said time, or at any subsequent time, pursuant to said request and order.

The jury, when it returned after its retirement for the second time, returned a verdict finding the defendant not guilty of extreme cruelty as charged in the complaint, and finding the plaintiff guilty of extreme cruelty as charged in the cross-complaint. The defendant objected to the acceptance and recording of the verdict, and, upon the same day, she filed her written motion, in words and figures following:

"In the County Court: Edward Milliman, Plaintiff, vs. Cora Milliman, Defendant. Motion.

"Comes now the above-named defendant, Cora Milliman, and refuses to amend the prayer of her cross-complaint in accordance with the permission heretofore granted by the court, and moves the court that no decree of divorce be granted herein, but that a decree be entered herein requiring the plaintiff to pay such reasonable sum for the support and maintenance of the defendant as the court may deem just and equitable."

The court, after consideration, and on the 5th of January, 1906, overruled the motion, and ordered that a decree of divorce be entered in favor of the defendant; to the entering of which decree counsel for defendant thereupon excepted.

The judgment of the court, in refusing the defendant permission to withdraw her request for amendment, is the equivalent of requiring her to procure a divorce over her objection, and is the equivalent of granting to the plaintiff a divorce to which he was not entitled.

We shall ignore a discussion of the assignments of error which relate to the irregularity of the proceedings by the jury, and shall decide the case wholly upon the proposition that either party in a divorce proceeding, at any time prior to the entering of the decree, has the right to withdraw a demand for a divorce; and that the court cannot compel one to take a divorce when he does not desire to have one. It would be contrary to public policy in a case such as this, to permit the decree for divorce to stand. If the defendant did not desire a divorce, we know of no power or authority of a court to grant her one over her protest.

The judgment will be reversed, and the cause remanded to the county court for further proceedings in accordance with this opinion.

*Reversed and remanded.*

Mr. JUSTICE GABBERT and Mr. JUSTICE HILL concur.