## No. 11,800.

## GRAVES *v.* ELMER, ET AL.

Decided March 7, 1927.

On petition for writ of habeas corpus. Decree for petitioners.

*Affirmed.*

### On Application for Supersedeas.

1. CHILDREN—*Custody.* In proceedings concerning the custody of children, the paramount consideration is the child's welfare.

2.     *Custody—Agreement.* Agreements as to the custody of minor children are only advisory to, and not binding upon courts.

3. APPEAL AND ERROR—*Children—Custody—Court Decree.* Decree of the trial court awarding custody of minor child which is supported by the record, will not be disturbed on review.

*Error to the District Court of Montrose County, Hon. George W. Bruce, Judge.*

Mr. L. C. KINIKIN, for plaintiff in error.

Messrs. MOYNIHAN, HUGHES & KNOUS, for defendants in error.

*Department Two.*

MR. JUSTICE ADAMS delivered the opinion of the court.

BERTHA Elmer and O. B. Armstrong applied to the district court of Montrose county for a writ of habeas corpus, to obtain custody of Thelma L. Armstrong, a girl five years of age, granddaughter of the petitioner Bertha Elmer, and daughter of the petitioner O. B. Armstrong. The court granted the writ. Respondent Blanch

Graves, formerly Blanch Armstrong, mother of the child, answered it, and upon issues joined, the testimony of numerous witnesses was taken. On final hearing, the court found in favor of the applicants for the writ, and awarded the custody of the child to the grandmother, Bertha Elmer. Blanch Graves brings the case here for review on error and asks for a supersedeas.

The father and mother of the child had previously obtained a divorce, after which time the mother married another man. The child was with the grandmother; the mother took the child to her new home; there was evidence of neglect, and other evidence of misconduct unnecessary to relate. The object of the proceeding was to retake the child, and restore the custody to the grandmother, where the divorced father boards. The court found inter alia: "That the said Bertha Elmer is a fit and proper person to have the care, custody, and control of said minor child; that her home is a fit and proper place for the upbringing of said child. * * * that the respondent is not a proper person to have the care, custody and control of said child and that it would be for the best interests of said child that she remain in the care, custody and control of her grandmother, Bertha Elmer, one of the petitioners herein." It was so ordered.

1. We do not question the high purpose of counsel on either side. They are doing only what they believe to be right for their clients. We are not, however, overmuch concerned here about abstruse technicalities, not affecting substantial rights. See Code, § 84. We are thinking of the little five-year-old girl. What is to her best interests, is to us the law and the gospel. Everything else is subservient to this. *Wilson v. Mitchell,* 48 Colo. 454, 465, 111 Pac. 21, 30 L. R. A. (N. S.) 507; *People v. Parks,* 57 Colo. 458, 462, 141 Pac. 994; *People v. Bolton,* 27 Colo. App. 39, 43, 146 Pac. 489.

2. There is a discussion in the briefs about an alleged agreement concerning the custody of the child. It relates only to this one subject matter, and is not neces-

sarily controlling upon the court, like a valid property agreement, or other enforceable right would be. The child may not be passed around like a chattel, regardless of its welfare. Either or both of the parties to the agreement may be right or wrong; the disposal agreed upon may or may not be for the child's best interests. This is for the court to decide. Such an agreement is only advisory. Courts are not infrequently compelled to deprive both parents of the custody of children, and in doing so are governed by the paramount consideration of the children's welfare.

3. Since the honorable district judge declared which person was fit and which was unfit to have the custody of the child, and the record supports him, our confirmation follows as a matter of course.

We do not consider it necessary to discuss other points raised, especially those suggested without authorities supporting them, calling for independent research by the court, not bearing upon the question of the best interests of the child, and which, in any event, however, decided, would not alter our ultimate determination under the facts before us.

The supersedeas will be denied and the judgment affirmed.

MR. CHIEF JUSTICE BURKE, MR. JUSTICE BUTLER and MR. JUSTICE CAMPBELL concur.