No. 12,164.

TIERNEY v. TIERNEY.

Decided October 14, 1929.

Mr. H. L. BALLARD, Mr. J. A. C. REYNOLDS, for plaintiff in error.

Mr. LOUIS A. HELLERSTEIN, for defendant in error.

*In Department.*

MR. JUSTICE CAMPBELL delivered the opinion of the court.

SARAH A. Tierney, plaintiff, wife of M. E. Tierney, defendant, brought this action to obtain a decree of divorce from him on the grounds of nonsupport and cruelty. Though personally served with summons, the defendant did not respond thereto or appear in person at the trial. The court, however, appointed an attorney to represent him. A jury was waived by counsel of both parties, evidence was produced, and the court found the defendant guilty as charged. Written appropriate findings of fact were made and conclusions of law stated by the trial court to the effect that the plaintiff is entitled to a decree of divorce at the expiration of six months, provided such findings of fact and conclusions of law in the meantime have not been set aside.

Before the expiration of the six-months' period, and about four months after the date of the interlocutory decree, plaintiff filed a petition in the cause in which she asked that these to her favorable findings of fact and conclusions of law entered thereon be vacated and set aside, and that the action be dismissed upon the grounds that she had forgiven her husband, that they had since the interlocutory decree was entered lived together as husband and wife, and that she did not wish a decree of divorce upon the findings of fact in her favor.

The defendant by his counsel resisted his wife's petition and alleged that he did not want a reconciliation, but, on the contrary, desired a decree of divorce from his wife upon the findings of fact which the trial court had previously made in her favor. The court thereupon denied the plaintiff's petition to set aside the findings and dismiss the action, and upon the defendant's request and over the plaintiff's protest and objection thereupon rendered a decree of divorce of the parties. The plaintiff wife is here with this writ of error to have the divorce decree set aside.

After the decree, now before us for review, was procured, we had occasion in *Walton v. Walton,* 86 Colo. 1, 278 Pac. 780, to consider the jurisdiction and power of

a trial court to award to a guilty party a decree of divorce over the protest and objection of the innocent party in whose favor findings of fact were made and an interlocutory decree thereupon awarded, which entitled her at a future time to an absolute or final decree. It was said in the opinion therein that, under our statute, no such power existed, and that a plaintiff who has obtained an interlocutory decree in a divorce action may not be compelled by a guilty defendant to have a final decree over her objection. That decision makes void the decree now before us. The same is therefore reversed, and the cause is remanded with instructions to the district court to vacate and set aside this divorce decree and to dismiss the action.

MR. CHIEF JUSTICE WHITFORD, MR. JUSTICE ADAMS AND MR. JUSTICE ALTER concur.