## No. 14,274.

### DOTY *v.* DOTY.
(88 P. [2d] 573)

Decided February 14, 1939.   Rehearing denied March 27, 1939.

Mr. S. R. ROBERTSON, Mr. O. OTTO MOORE, for plaintiff in error.

544

Mr. Henley A. Calvert, for defendant in error.

*En Banc.*

Mr. Justice Young delivered the opinion of the court.

The parties will be herein designated as they appeared in the trial court. Plaintiff, a wife, instituted an action for separate maintenance against the defendant, her husband, charging cruelty. He denied the charge and filed a cross complaint for divorce alleging cruelty and that plaintiff had a husband living at the time of the marriage. On the trial the plaintiff with the consent of the court, changed the prayer of her complaint by asking for a divorce and alimony. The parties were married in 1919 and lived together as husband and wife until 1934. They had no children. The jury found for the plaintiff on her complaint and against the defendant on his cross complaint. An interlocutory decree of divorce was entered on the verdict. After the entry of the interlocutory decree and long before the expiration of the six months during which time both the applicable statute, section 13, chapter 56, '35 C. S. A., and the decree provided that plaintiff and defendant should not be divorced, the plaintiff moved to dismiss her case. The court denied this motion. Plaintiff duly excepted to the adverse ruling and preserved her rights by proper assignments of error.

The court erred in denying plaintiff's motion to dismiss her action after the entry of the interlocutory decree, but during the six months before the divorce became final. The statute, section 13, chapter 56, '35 C. S. A., specifically provides that after the entry of the interlocutory decree and during the subsequent six-months period the parties shall not be divorced. The interlocutory decree itself contained the same reservation.

In an early Colorado case, *Stebbins v. Anthony,* 5

Colo. 348, we said: "While there are some adjudications to the effect that an action of divorce is a purely statutory proceeding, we think the weight of authority opposed to this view; and that the jurisdiction of the equity tribunals has generally been asserted and maintained in this country in the absence of statutes as well as under them."

In *Walton v. Walton,* 86 Colo. 1, 278 Pac. 780, a case in which the guilty party was seeking to compel the innocent spouse to accept a final decree of divorce to which the findings of fact and conclusions of law entitled her, this court among other things said: "In the case of *Gilpin v. Gilpin,* 12 Colo. 504, 519, 21 Pac. 612, we find the following language: 'Society, the public, the commonwealth, have an interest in the preservation of the marriage relation. In an important sense it may well be said there are three parties to every divorce proceeding—the husband, the wife, and the state; and in some instances a fourth—the children.' * * * It does not follow because a married person has a legal ground of divorce that he or she is bound to assert the same in the courts, either as plaintiff, or as defendant by way of cross-complaint.'

"The courts in our jurisdiction have always zealously guarded the rights of the innocent spouse, and have refused, in a number of cases, to countenance any attempt to compel the innocent spouse to accept a decree." Among the cases cited by the writer of this opinion is *Milliman v. Milliman,* 45 Colo. 291, 101 Pac. 58. That case was similar to the one at bar. We cannot more concisely set forth its facts and the holding of the court than to quote from the opinion in the Walton case as follows: "In *Milliman v. Millman,* 45 Colo. 291, 101 Pac. 58, the plaintiff husband filed his complaint charging the defendant wife with cruelty. The wife filed her answer denying cruelty, and also her cross-complaint alleging that the plaintiff had been guilty of cruelty. She did not ask for a divorce. The case was tried to a jury,

which returned into court with a verdict in which both parties were found guilty of cruelty, as charged in the respective pleadings of the parties. In a colloquy between counsel, it became evident to the members of the jury, that under their verdict, neither party to said action could obtain a divorce, and thereupon, one of the jurors announced that the verdict was not his verdict. Whereupon, the jury was polled and each juror answered that the verdict was not his verdict. Counsel for the defendant thereupon asked leave to amend her cross-complaint so as to ask for a divorce, which leave was granted, but, in fact, no amendment was ever made. The jury returned with its verdict, finding the defendant not guilty of cruelty and finding the plaintiff guilty of cruelty. The defendant objected to the reception of the verdict and filed her written motion, in which she moved, 'that no decree of divorce be granted herein.' She also announced, in her motion, her refusal to amend her cross-complaint praying for a divorce. The court, upon consideration, denied the defendant's motion, and entered a decree of divorce in favor of the defendant upon her cross-complaint. This court, speaking through Chief Justice Steele, said (page 294):

" 'The judgment of the court, in refusing the defendant permission to withdraw her request for amendment, is the equivalent of requiring her to procure a divorce over her objection, and is the equivalent of granting to the plaintiff a divorce to which he was not entitled.

" 'We shall ignore a discussion of the assignments of error which relate to the irregularity of the proceedings by the jury, and shall decide the case wholly upon the proposition that either party in a divorce proceeding, at any time prior to the entering of the decree, has the right to withdraw a demand for a divorce; and that the court cannot compel one to take a divorce when he does not desire to have one. It would be contrary to public policy in a case such as this, to permit the decree for divorce to stand. If the defendant did not desire a

divorce we know of no power or authority of a court to grant her one over her protest.''

In the instant case during the period which, under the statute and the express provisions of the interlocutory decree, the parties were still married and might lawfully have cohabited together as husband and wife, the innocent party formally moved that the action which she had instituted be terminated by dismissal. The court denied her motion and over her objection entered a final decree of divorce. This notwithstanding the plain pronouncement of this court in *Milliman v. Milliman, supra,* that ''if the defendant did not desire a divorce, we know of no power or authority of a court to grant her one over her protest.''

It may be said that the interlocutory decree is a final order by express provision of the statute. In other words, that in the instant case plaintiff sought to dismiss after she had been granted all the relief which she asked, and which the court could give her. It is pertinent to observe that while the statute says that the interlocutory decree is a final order and therefore subject to review on writ of error, that it does not say that such order is a final decree of divorce. It is final in the sense that it determines that grounds for a divorce exist and that the innocent party may be divorced six months from the date such interlocutory decree is entered. As to all questions entering into the determination of the issues presented, the decree may be reviewed on writ of error. But neither the statute nor the decree before us attempts to conclude and determine the rights or privileges of the innocent party in the light of circumstances which may arise during the interval between the time of entry of the interlocutory decree and the expiration of the six-months period. The decree itself contains intrinsic evidence that the court entering it did not consider that the parties were divorced. It contemplated its effectiveness as a final decree of divorce, not as a matter of course or on the application of either party at the end of six months,

but upon the application of the innocent party, for the court order provides that if such decree is not signed in seven months, not six, that the deed ordered placed in escrow in settlement of property rights and of the alimony award be returned to the defendant for destruction.

If the plaintiff was not required to do anything to make the divorce final, why penalize her for its failure to become final within seven months? If she could not dismiss within the six-months period except with the consent of the court then there was nothing she could do to escape a divorce if the court desired that she should have one. There was no reason for the court order providing for the return of the deed for destruction if a divorce must result unless the court in the exercise of its discretion determined otherwise.

■ Neither under former acts nor under the present act was it the intention of the legislature to compel an innocent party to accept a divorce over her objection prior to the time the marital status has in fact terminated. Such is not the declared policy of the state. To uphold the action of the trial court here, would have this effect. The policy of the state as declared by the legislature, section 19, chapter 56, '35 C. S. A., goes no further than to require that the marital status be determined within a year and this mandate is as definitely and completely carried out by dismissal of the action as it would be by a final dissolution of the marriage ties.

For the reasons stated the judgment of the trial court is reversed and the cause remanded with directions to sustain the plaintiff's motion for dismissal of the case.

Mr. Justice Francis E. Bouck, Mr. Justice Bakke and Mr. Justice Knous dissent.