538

No. 15,014.

CHAMBERLAIN *v*. CHAMBERLAIN.
(120 P. [2d] 641)

Decided December 15, 1941.

Mr. JOHN W. ELWELL, for plaintiff in error.

Mr. V. G. SEAVY, for defendant in error.

*En Banc.*

MR. JUSTICE HILLIARD delivered the opinion of the court.

A DIVORCE proceeding instituted by the husband. He alleged that the wife had been guilty of infidelity. In addition to asking for a decree of divorce, he prayed that the court award him the custody of a minor daughter. At the time the court considered the question of temporary custody, the child was with the father, but

upon hearing the court, reserving visiting rights to the father, awarded her custody to the mother for the ensuing three months, after which she was to be returned to the father.

Upon application of the father, proceeding on error, we stayed the judgment of the lower court pending determination of an application for supersedeas. It does not appear that there has been any interruption of the father's custody at any time; therefore, as seems clear, controlling dates in mind, unless the trial court, on proper motion in this proceeding—if it is deemed still to be pending — shall order a change of custody, any question in relation thereto is moot.

From the record it appears that February 1, 1941, the wife in the meantime not having interposed a cross complaint, the husband filed formal dismissal of the action as follows: "Comes now the plaintiff and hereby dismisses the above entitled action without prejudice." The court, however, proceeding upon the theory that the attempted dismissal, as indicated, was not a matter of right, and, the wife objecting thereto, declined to enter an order of dismissal. We think this was error. Upon filing the dismissal in form as stated, the action stood dismissed "without order of court." Rule 41 (a) (1), R.C.P. Colo. See rule 1, C (b), id., as to the effective date of the first-mentioned rule as to matters already pending, and which we think applies here. If we assume that Civil Code section 184 controls, still the case must be regarded as dismissed. *Doll v. Slaughter*, 39 Colo. 51, 88 Pac. 848. In this latter case we said: "No counterclaim having been made, the plaintiff had a right to dismiss the action. The judgment is reversed, with directions to the court to dismiss the action." The same doctrine obtains in divorce cases. See, *Doty v. Doty*, 103 Colo. 543, 88 P. (2d) 573; *Milliman v. Milliman*, 45 Colo. 291, 101 Pac. 58. The wife not only has filed no counterclaim, but she has not deigned to deny

the charge made against her, or otherwise answered the complaint; nor has she charged her husband with any misconduct.

We do not believe that the welfare of the little girl here involved would be advanced by keeping alive the charge against her mother—a charge which the father has undertaken to obliterate by his dismissal, and which, under reasonable construction of rules of procedure, the state of the pleadings considered, we think he has accomplished. If the mother shall wish to proceed to obtain the child's custody, her remedy is an appropriate action on her own behalf.

Without prejudice to the rights of either party to proceed anew as advised, let there be reversal of the judgment with the concurrent direction to dismiss the action.

MR. JUSTICE BAKKE and MR. JUSTICE BOCK dissent.

MR. JUSTICE BAKKE dissenting.

Technically, I suppose it may be conceded that this is a divorce proceeding, as denominated by the court's opinion, but essentially, so far as substantive rights are concerned, it presents the claim of a mother to the custody of her three-year old daughter, and her substantive and prior right should control us in our consideration of the legal factors involved. Certainly, it would be conceded — other things being equal — that the little girl should be with her mother, regardless of what aspersions may have been cast upon her character.

Three proceedings are involved: Habeas corpus, annulment, and divorce. In order that a more complete picture may be presented of the situation the following facts are set forth chronologically: December 27, 1940, the husband sued the wife for divorce on grounds of adultery and bigamy, alleging, also, that the child was with a Mrs. Murray (the wife's mother), and praying for its custody. He obtained an order directed to Mrs. Murray for such custody on that day. She refused to

surrender the child in compliance with the order and December 28th the father sought and obtained a writ of habeas corpus against her. Hearing was had on January 2, 1941, at which time the court ordered custody to the husband "until such time as the custody of said child is disposed of in the action now pending between its parents." Simultaneously, the order in the divorce case—entered December 27th, 1940—giving the custody to the husband was revoked. January 28, 1941, the wife filed a motion in the divorce case asking that the complaint be made more specific, and that attorneys' fees be allowed. February 1, 1941, the husband filed a "dismissal" in the following words: "Comes now the plaintiff and hereby dismisses the above entitled action [divorce] without prejudice." No order of dismissal was entered at that time. February 5, 1941, the wife filed another motion objecting to the dismissal, and on February 15th filed her petition for custody of the child. February 21st the court sustained the wife's objections to the dismissal, to which ruling no exception was taken, the court also sustaining her motion to make more specific.

Meanwhile, on February 7th, one Barnes, to whom the wife allegedly had been married bigamously on January 2nd, filed suit for annulment in the county court. The wife consented to the annulment and a decree was entered accordingly. No point is made of this annulment, although it might well become important in relation to an attempted proof of the charges against her.

June 20th the husband filed answer to the wife's petition for custody, alleging that she was not a fit person to have custody of the child.

Hearing was had June 27th on the issue of custody, following which the court ordered that the wife be given custody of the child for three months with the right of visitation by the husband, and at the end of three months, the child "is to be returned to the plaintiff

[husband] herein." This order is "the judgment" to which the writ of error is directed.

It should be noted here that one judge in a separate division of the district court presided in the habeas corpus proceeding, while a second judge presided in the divorce matter.

The principal procedural question involved is whether the divorce action should have been dismissed upon the husband's filing his "dismissal," and this question is answered in the affirmative by the court's opinion. However, considering the custody of the child to be the paramount element in the case, I have little difficulty in distinguishing the situation here from that present in the cases cited as authority supporting the court's opinion. The case of *Doll v. Slaughter,* 39 Colo. 51, 88 Pac. 848, was a replevin action for the return of possession of cattle. While the case of *Milliman v. Milliman,* 45 Colo. 291, 101 Pac. 58, and that of *Doty v. Doty,* 103 Colo. 543, 88 P. (2d) 573, were divorce cases, there were no children involved, so we are not bound by them as stare decisis, and, in this connection, I call attention to the dissenting opinion in the Doty case, supra, in which two members of the court concurred.

There are several reasons why the attempted dismissal should not become operative. 1. No exception was reserved to the ruling of the court on the wife's objection to the dismissal, which was filed prior to the effective date of our new rules. In the court opinion Rule 1, C (b) is mentioned as authorizing the dismissal, but that rule has the qualification that as to pending actions it should not be so applied as to "work injustice." Nor, may I add, "should rules be changed in the middle of the game." We have held squarely that the right to dismiss a divorce action is not absolute. In *Frederick v. Frederick,* 93 Colo. 330, 25 P. (2d) 733, we said in effect that a divorce case could not be dismissed so as to cut off attorney's fees which had been earned in the prosecution of the case in the wife's behalf. The attorney's fees have

not all been paid in the present case, and while no point is raised as to that feature here, the propriety of the court's retaining jurisdiction on that ground should be sufficient, if it be necessary that it retain such jurisdiction. However, the custody of this small child is surely more important than counsel fees. "We are thinking of the little five-year old girl. What is to her best interests, is to us the law and gospel. Everything else is subservient to this." *Graves v. Elmer,* 81 Colo. 158, 253 Pac. 1067. It has been held, too, that where adultery is alleged as a ground for divorce, the action may not be dismissed without the allegedly offending party being heard on the matter. 17 Am. Jur. 325. A "dismissal" as was attempted here is ineffectual without an order thereon. *Barnes v. Barnes,* 95 Cal. 171, 30 Pac. 298. It is to be remembered that the very order giving the father custody here was conditional, that is "until such time as the custody of said child is disposed of in an action now pending between its parents," and that this order was obtained in an action to which the wife was not a party. This situation would seem to answer the court's suggestion that the question of custody was moot. The best legal reason, however, in favor of the trial court's retention of the case was, that plaintiff in error, in addition to his failure to save an exception to the court's ruling on his attempted dismissal, entered a general appearance by filing an answer to the wife's petition for the child's custody, thereby waiving the attempted dismissal. The reason for this is apparent. Knowing that his custody of the child was contingent, and that he could not maintain it without a hearing in the divorce action, he answered as to the merits; having been unsuccessful, he should not now be permitted to assert that he dismissed the divorce proceeding. *McPhail v. Denver,* 65 Colo. 578, 177 Pac. 960. The Doty case, supra, quoting from the case of *Walton v. Walton,* 86 Colo. 1, 278 Pac. 780, indicates that a different situation exists where there are children involved.

With the divorce action pending, the court's order was purely interlocutory, to review which a writ of error does not lie. '35 C.S.A., c. 56, §8. Keezer on "Marriage and Divorce" (2d ed.), §588. Schouler on "Marriage, Divorce, Separation and Domestic Relations."

Therefore, I think the writ of error should be dismissed.

MR. JUSTICE OTTO BOCK concurs in this dissent.