A DIVORCE proceeding instituted by the husband. He alleged that the wife had been guilty of infidelity. In addition to asking for a decree of divorce, he prayed that the court award him the custody of a minor daughter. At the time the court considered the question of temporary custody, the child was with the father, but *Page 539 
upon hearing the court, reserving visiting rights to the father, awarded her custody to the mother for the ensuing three months, after which she was to be returned to the father.
Upon application of the father, proceeding on error, we stayed the judgment of the lower court pending determination of an application for supersedeas. It does not appear that there has been any interruption of the father's custody at any time; therefore, as seems clear, controlling dates in mind, unless the trial court, on proper motion in this proceeding — if it is deemed still to be pending — shall order a change of custody, any question in relation thereto is moot.
[1] From the record it appears that February 1, 1941, the wife in the meantime not having interposed a cross complaint, the husband filed formal dismissal of the action as follows: "Comes now the plaintiff and hereby dismisses the above entitled action without prejudice." The court, however, proceeding upon the theory that the attempted dismissal, as indicated, was not a matter of right, and, the wife objecting thereto, declined to enter an order of dismissal. We think this was error. Upon filing the dismissal in form as stated, the action stood dismissed "without order of court." Rule 41 (a) (1), R.C.P. Colo. See rule 1, C (b), id., as to the effective date of the first-mentioned rule as to matters already pending, and which we think applies here. If we assume that Civil Code section 184 controls, still the case must be regarded as dismissed. Doll v. Slaughter,39 Colo. 51, 88 Pac. 848. In this latter case we said: "No counterclaim having been made, the plaintiff had a right to dismiss the action. The judgment is reversed, with directions to the court to dismiss the action." The same doctrine obtains in divorce cases. See, Doty v.Doty, 103 Colo. 543, 88 P.2d 573; Milliman v. Milliman,45 Colo. 291, 101 Pac. 58. The wife not only has filed no counterclaim, but she has not deigned to deny *Page 540 
the charge made against her, or otherwise answered the complaint; nor has she charged her husband with any misconduct.
We do not believe that the welfare of the little girl here involved would be advanced by keeping alive the charge against her mother — a charge which the father has undertaken to obliterate by his dismissal, and which, under reasonable construction of rules of procedure, the state of the pleadings considered, we think he has accomplished. If the mother shall wish to proceed to obtain the child's custody, her remedy is an appropriate action on her own behalf.
Without prejudice to the rights of either party to proceed anew as advised, let there be reversal of the judgment with the concurrent direction to dismiss the action.
MR. JUSTICE BAKKE and MR. JUSTICE BOCK dissent.