No. 15,734.

BOYER *v.* BOYER.
(175 P. [2d] 92)

Decided November 18, 1946.   Rehearing denied December 9, 1946.

430

Mr. E. V. HOLLAND, for plaintiff in error.

Mr. WILLIAM H. SCOFIELD, for defendant in error.

*En Banc.*

MR. JUSTICE BURKE delivered the opinion of the court.

THESE parties, wife and husband, appear here in the same order as in the trial court and are hereinafter referred to as there. This cause was initiated September 16, 1942 by the filing of a pleading entitled "Complaint. Separate Maintenance," charging cruelty and demanding a decree of separate maintenance, temporary alimony,

court costs, attorney's fees and minor relief. There followed a tortuous and almost interminable series of pleadings, amendments, and hearings, and the action, like the course of time "turns and twists upon itself in many a backward seeming curve." Present counsel for plaintiff, however, first appears for her here. Eventually a trial judge, invoking the principle that "this cause must at some time be decided" entered, on September 11, 1945, an "interlocutory decree of divorce" in favor of plaintiff, reserving "the matter of property rights and alimony for consideration by the court following a further hearing." Three months later plaintiff moved to vacate this decree and amend the prayer of her complaint (which had theretofore been amended to a demand for divorce) to one for separate maintenance and to reinstate the answer and cross-complaint, which had been withdrawn with her consent. January 25, 1946, that motion was denied. Plaintiff then moved to dismiss the cause "without prejudice to the right of plaintiff to reassert the matters and things therein [in her amended complaint] alleged, in her own behalf or as a defense to any claim which defendant may now or hereafter assert." On the same day the motion was denied. March 9, 1946, plaintiff filed in the district court her election to bring error to review the last mentioned orders, and her motion to stay entry of final decree until disposition of the cause here. Two days later that motion was granted. To review the final action of the district court plaintiff prosecutes this writ and specifies four alleged errors (which are in fact but three) on which she relies: 1. Overruling her motion for a continuance; 2. Trial and judgment in divorce instead of separate maintenance; 3. Denial of her motion to dismiss without prejudice. The parties hereto request final disposition on the application for supersedeas and for good cause appearing we so elect.

1. There were two trials of this cause. The denial of a continuance occurred in the first. This was

clearly a matter of discretion and even if abused was cured by subsequent proceedings, hence error without prejudice.

■ 2. Having finally gone to trial, without objection, on her amended complaint for divorce (as it then stood) this specification is not available to her. *Durkee v. Conklin,* 13 Colo. App. 313, 57 Pac. 486.

■ 3. Plaintiff insists that she can not be compelled to take a divorce against her will. As an abstract proposition that is correct. *Doty v. Doty,* 103 Colo. 543, 88 P. (2d) 573. We doubt not her right to dismiss if she elects to so move. Certainly that right has never been denied her. Her demand is to dismiss *without prejudice.* That is an entirely different right and its existence depends upon whether, under the particular facts, justice requires that it be accorded her and justice to defendant does not forbid. Resolution of these questions calls for an additional brief survey of this litigation.

The original complaint was followed by answer and cross complaint. On plaintiff's motion that cause was then changed from separate maintenance to divorce. Defendant was granted leave to withdraw his answer and cross complaint and, by agreement, the cause was set for trial as one for divorce, uncontested. A jury was waived, trial to the court followed and an interlocutory decree in favor of plaintiff was entered. She next moved to vacate this decree and her motion was granted. Again answer and cross complaint were filed and plaintiff moved to amend her prayer from divorce to separate maintenance. That motion was denied. Once more the cause came on for trial, this time to a jury. After it was selected and sworn the answer and cross complaint were, by agreement, withdrawn without prejudice and the jury discharged. Trial to the court followed, findings were for plaintiff and her counsel was directed to prepare the decree and present it the following day. At that time plaintiff was in court demanding, contrary to the advice of her counsel, that she have a decree for

separate maintenance. The situation was fully and patiently explained to her by the court and her counsel and she was permitted, with approval of counsel for defendant then present, to elect to reject the decree, have the answer and cross complaint reinstated and proceed to trial to a jury. This she declined to do and finally decided to accept the decree. In reaching this conclusion she had also the advice of her two grown sons, then present. Accordingly (September 11, 1945) the interlocutory decree was signed and entered.

In addition to the foregoing this record discloses almost as much confusion, uncertainty, objection, shifting of position, amendment and variation of orders concerning alimony and property rights as on the disputed question of divorce versus separate maintenance. This reference is merely for the purpose of throwing a side light on the unusual course of this controversy. The question of alimony and property rights has not been disposed of by the trial court and is not before us.

Since this cause was instituted four different judges have handled it, seven different lawyers have, at varying times, represented plaintiff and four have represented defendant. In addition plaintiff herself filed one motion in the district court and sought to file one document here. This and her varied pleadings and affidavits, below and here, are replete with complaints against the judges, her own attorneys and her sons, notwithstanding the fact that the record discloses her to have been the recipient of the utmost patience and consideration from all. She has twice received favorable judgment and now seeks to surrender the fruits of her prolonged litigation, free herself hereafter to renew the contest, and thrash over again all the old straw the courts have been winnowing for the past three and one-half years. No consideration of justice to her, demands that her motion be granted, and every consideration of justice to defendant demands its denial.

The judgment is affirmed.