## No. 16,405.

HILLIARD, JR., ADMINISTRATOR *v.* KLEIN.

(238 P. [2d] 882)

Decided November 26, 1951.

Mr. Kenneth W. Robinson, Mr. R. D. Charlton, Mr. Robert Swanson, for plaintiff in error.

Messrs. Quiat, Seeman & Quiat, for defendant in error.

*En Banc.*

Mr. Justice Knauss delivered the opinion of the court.

Freda Klein was plaintiff in the trial court and we shall so refer to her in this opinion. Henry M. Klein, her husband, now deceased, was defendant and we shall refer to him and the administrator of his estate, now plaintiff in error, as defendant.

Defendant and plaintiff had been husband and wife for over twenty-three years when on June 25, 1946 they entered into a separation agreement in which it was recited that both parties were residents of Denver, Colorado. By this instrument defendant agreed to convey to plaintiff his one-half interest in a house in Denver and certain furniture. Four days after this contract was executed, plaintiff verified a complaint in divorce against defendant and filed same in the county court of Arapahoe county, Colorado. Defendant executed an "acceptance of service" in the divorce suit and consented that the action might be heard at any time agreeable to the court. An interlocutory decree in divorce was entered August 22, 1946, in which decree it was recited that during the six months following its entry "the Court may, upon motion or petition of either party, or upon its own motion, for good cause shown, after a hearing, set aside

this decree." By the decree the court also approved the property settlement in the separation agreement which was attached to the decree, and directed defendant to make conveyance of the real estate. There is no question, from the record, that defendant's interest in the real estate was worth in excess of $2,000, the jurisdictional limit of the county court.

November 26, 1946 plaintiff filed a motion and petition to set aside the interlocutory decree of divorce and to dismiss the action, in which it was set forth that in a conversation with her husband prior to execution of the agreement and institution of the divorce action, she advised defendant she desired the services of a certain lawyer in connection with their marital difficulties; that defendant advised her he had retained another attorney as his counsel, and that this second attorney could and would well represent both plaintiff and defendant; that after defendant had talked with his attorney, plaintiff consulted defendant's attorney with the result that the agreement was executed and the suit commenced. Plaintiff asserts that this lawyer, not the present attorneys who appear here for plaintiff in error, did not advise her as to her rights as wife of defendant. She further alleged that she was in poor health and without funds, while defendant was gainfully employed; that she would be irreparably damaged and injured if she permitted the divorce action to proceed to final decree, and that defendant had not appeared in the case. November 26, 1946, after a hearing on this petition and following the taking of evidence, all as recited in the county court record, said court set aside the interlocutory decree and dismissed the action without prejudice and at plaintiff's costs.

March 8, 1947 defendant filed a motion in the county court to vacate the order of dismissal, basing same on the claim that notice was not given him of plaintiff's contemplated action dismissing the case. This motion was overruled and defendant's counsel requested and was granted 60 days in which to "file a Bill of Exceptions and the

statutory time to perfect an appeal to the Supreme Court." Defendant filed an appeal bond on March 18, 1947 in the sum of $100 in which it was recited that defendant was by order of said court, dated March 8, 1947, allowed an appeal to the district court of the First Judicial District from the order denying defendant's motion to vacate the dismissal of plaintiff's original action. Any order allowing such an appeal does not appear in the record.

The appeal having been docketed in the district court, various motions were filed by the respective parties, among them as amended motion by defendant to vacate the order of dismissal and asking that the cause "be reinstated forthwith for further proceedings not inconsistent with the laws of the State of Colorado." In support of this motion defendant filed affidavits controverting the averments in plaintiff's original motion to dismiss her case. Plaintiff then filed additional affidavits alleging that neither she nor defendant were at any time bona fide residents of Arapahoe county, Colorado, and controverting statements in defendant's affidavits. Her allegations concerning residence of the parties were not disputed by defendant. No action having been taken in the case, the clerk of the district court, pursuant to rule of court, sent out notices for dismissal of the action for failure to prosecute, whereupon counsel for both parties filed a stipulation that hearing on all motions on file be had after May 15, 1949. Plaintiff filed a notice of dismissal of her action with the clerk of the district court July 20, 1949. Thereafter the district court held that this notice of dismissal, supra, had the effect of dismissing plaintiff's complaint, and ordered the action dismissed without prejudice. To have this order reviewed, defendant sued out a writ of error. Defendant departed this life January 27, 1951 and plaintiff in error, administrator of his estate, was, on his motion, substituted as plaintiff in error for Henry M. Klein over objection of defendant

in error. The order in this Court permitting the substitution was entered "without prejudice."

The entry of the dismissal order in the county court was not in contravention of Rule 41 (a) (1) R.C.P. Colo. That court held a hearing on plaintiff's motion to dismiss. Defendant, being in default, was not entitled to notice. The county court having properly dismissed the divorce action, that suit was terminated. It could not be revived by defendant and given new life by his appeal to the district court. Within apt time, defendant could have had the order of dismissal reviewed in this court by writ of error if his rights were adversely affected thereby, but he did not elect so to do. His counsel made a record which authorized such action. Instead, he sought to re-animate the otherwise dead action by an appeal to the district court on the theory that that court could review the action of the county court. In that tribunal there were no adverse claims. Defendant had not entered an appearance in the case, filed no responsive pleading and paid no docket fee. Apparently in this proceeding defendant attempted to force plaintiff to obtain a divorce from him against her will, or on his terms. This, he could legally not do. *Doty v. Doty,* 103 Colo. 543, 88 P. (2d) 573; *Walton v. Walton,* 86 Colo. 1, 278 Pac. 780; *Willoughby v. Willoughby,* 71 Colo. 356, 206 Pac. 792.

When Henry M. Klein died, the divorce action between himself and his wife, if still pending, was concluded. By his death, if a marriage existed, it was terminated. If the separation agreement is valid and binding upon plaintiff, she is bound thereby and her rights to any portion of decedent's estate are to be measured by the agreement. Death terminated the relationship of husband and wife and the administrator is in no position to insist on a review of matters in the record which were all disposed of by the death of Mr. Klein.

Counsel for defendant contended in the court below that the dismissal of the divorce action should have been with prejudice, foreclosing plaintiff from bringing

another action against him. While the parties lived, and under the record as submitted, if the court had dismissed the suit with prejudice it would have been an abuse of discretion. In effect, such an order would say to plaintiff that no matter how she happened to start the suit in a court of limited jurisdiction, regardless of whether the court had jurisdiction, without regard to fairness of the property settlement or the circumstances under which it was executed, she would be forever foreclosed from asserting in another action and in the proper forum the rights she possessed as wife. This statement requires no answer. The instant case is not similar to *Boyer v. Boyer*, 115 Colo. 429, 175 P. (2d) 92. The pronouncement in that case rested solely on the facts thereof.

In conclusion it may be well to point out that it appears clearly from the record in the district court that neither plaintiff nor defendant were at any time residents of Arapahoe county, Colorado. Plaintiff was living in her home in Denver, Colorado; defendant was a resident of Denver, holding a responsible position with the Denver Fire Department. He accepted service of process in Denver, Colorado.

In a divorce action the matter of residence of the parties is jurisdictional and cannot be waived by the parties. *Branch v. Branch*, 30 Colo. 499, 71 Pac. 632. Had it been made to appear to the county court that this husband and wife were actually residents in Denver, Colorado, it was the duty of the court either to deny the relief prayed for or to set aside any decree entered in the case, when advised of the facts.

The personal representative of defendant cannot prosecute a writ of error after the latter's demise; accordingly, it is ordered that the writ of error be dismissed.