No. 17,102.

FAITH *v.* FAITH.
(261 P. [2d] 225)

Decided November 23, 1953.

484

Mr. Don B. Oliver, Mr. W. H. Erickson, Lila I. Ludlam, for plaintiff in error.

Mr. Fred J. Pferdesteller, Mr. Fred W. Vondy, for defendant in error.

*En Banc.*

Mr. Justice Clark delivered the opinion of the court.

The parties are here in reverse order to that in which they appeared in the trial court where Edward, as plaintiff, instituted the action against Margaret for divorce, charging her with adultery and cruelty. Defendant answered by denial of both charges and filed a cross complaint by which she accused plaintiff of cruelty and nonsupport. The matter came regularly on for trial before the court on September 15, 1952, whereupon, as admitted by defendant's counsel, defendant permitted the cause to proceed as a noncontested case and withdrew her answer and cross complaint, resulting in the entry of an interlocutory decree in favor of the plaintiff upon the statutory grounds of extreme and repeated acts of cruelty.

The decree contained the usual provision "that during the six months period next ensuing after the date of this decree the parties hereto shall not be divorced, and neither party shall contract another marriage; that during such period the Court may, upon motion or petition of either party, or upon its own motion, for good cause shown, after a hearing, set aside this decree * * *." It further was ordered "that the matter of care, custody and control of the minor child * * * shall be continued

and heard by the Court on the 15th day of December, 1952, at the hour of ten A.M."

Although the record is devoid of order, notice or stipulation to that effect, by some manner, said to be pursuant to agreement of counsel, the custody hearing, instead of being held on December 15, 1952, was postponed until April 13, 1953, and later changed from that date to the 9th day of March, 1953. The six-months period did not expire, and the interlocutory decree would not have become final, until March 16, 1953.

On March 9, 1953, the matter presumably coming on for hearing upon the question of the custody of the minor child, both parties being present in court in person and by counsel, plaintiff's counsel filed a verified document entitled "Motion to Dismiss," the pertinent portion of which is that, plaintiff "respectfully moves this Honorable Court to enter its order herein vacating and setting aside the Interlocutory Decree of Divorce heretofore entered by this Court on September 15, 1952, and an order of this Court dismissing said cause of action." No notice thereof appears in the record, but defendant's counsel admitted in the trial court and again in their brief here that a day or two prior to March 9, plaintiff's counsel had told him that he would file such a motion and call it up for hearing on that day. At the beginning of the hearing plaintiff's counsel called up the motion to dismiss, and a rather lengthy discussion and argument ensued with relation thereto. After due consideration of the matter and over the objection of counsel for defendant, the trial court granted plaintiff's motion and entered an order vacating the interlocutory decree and dismissing the action.

By way of specification of error it is contended that the interlocutory decree could be vacated and the action dismissed only upon a petition setting forth good cause and after a hearing, wherein the burden of showing good cause by sufficient evidence would have to be sustained by the petitioner.

On the issue here presented there is considerable lack of uniformity in the decisions of the courts of last resort of the different States of the Union. Fortunately, we are not obliged to undertake to reconcile this conflict, since our Court long ago adopted a policy with respect to such matters to which general adherence has been had in this jurisdiction, and which we now have only to follow.

We shall not attempt to review all of the earlier cases decided by our Court, but in *Milliman v. Milliman,* 45 Colo. 291, 101 Pac. 58, it was held "that the court cannot compel one to take a divorce when he does not desire to have one."; and in *Walton v. Walton,* 86 Colo. 1, 9, 278 Pac. 780, in which most of the earlier cases are cited, reviewed and discussed, appears this pertinent statement: "It has been said that the policy of the court should be to discourage, rather than encourage, divorces. The wife [plaintiff] may well be entitled to a divorce, but whether or not she [he] will exercise that right is optional with her [him], * * *." In *Tierney v. Tierney,* 86 Colo. 362, 281 Pac. 737, reversal was ordered because the trial court refused to grant plaintiff's motion for dismissal filed about four months after the interlocutory decree had been entered.

Following revision of the statutes in effect at the dates of rendition of the decisions hereinabove mentioned, the same principle therein announced was adhered to in the case of *Doty v. Doty,* 103 Colo. 543, 88 P. (2d) 573, where reversal of the judgment of the trial court was had because of its refusal to grant plaintiff's motion to dismiss her divorce case after the entry of the interlocutory decree.

Even in the case of *Boyer v. Boyer,* 115 Colo. 429, 175 P. (2d) 92, in which refusal to grant dismissal was approved because of circumstances peculiar to that case, the principle announced in the Doty case nevertheless was confirmed. It again was cited with approval in the recent case of *Hilliard, Administrator v. Klein,* 124 Colo. 479, 483, 238 P. (2d) 882.

██ If we assume that defendant's counsel may agree with us up to this point, yet they further contend that because of the inherent deficiencies of plaintiff's motion to dismiss, the trial court was in error in granting it. They insist that the motion must set forth the reasons relied upon, and that the movant must sustain his position in that respect by evidence produced at a hearing. We cannot agree with this contention.

In the first place it strikes us as wholly illogical to demand such particularity with respect to a motion when under our present-day practice the rules of pleading of more important matters are liberalized and relaxed.

██ ██ Secondly, the statute upon which reliance is placed does not require the formality insisted upon by defendant's counsel. The pertinent phraseology is to be found in section 13, chapter 56, '35 C.S.A., and is as follows: "During such period the court may, upon motion or petition of either party to the action, or upon its own motion, for good cause shown after a hearing, set aside such interlocutory decree." "Such period" refers to the six months at the end of which the interlocutory decree shall become final. The language above quoted from the statute distinctively signifies that the granting of such motion or petition lies largely within the discretion of the trial judge. It is not provided that the motion or petition shall set forth the grounds, but that the judge shall grant such motion upon good cause shown. It does not require the taking of evidence, but where good cause appears from the pleadings, or from the argument and admissions of counsel, or otherwise, the court is perfectly justified in entering the order requested. In the instant case there is no doubt but that the judge who heard the motion was fully cognizant of the surrounding facts and circumstances and knew well the situation of the parties with respect to the action. In the absence of a clear showing to the contrary the judgment of the court is presumed to be correct.

■ The record in this case indicates that the trial judge determined that he was obliged to grant the motion as a matter of law; and in that position he was correct. In addition to the decisions hereinabove cited, the action of the trial judge is further supported by the case of *Chamberlain v. Chamberlain,* 108 Colo. 538, 120 P. (2d) 641, 138 A.L.R. 1097, where the trial court "proceeding upon the theory that the attempted dismissal, as indicated, was not a matter of right, and, the wife objecting thereto, declined to enter an order of dismissal," was reversed. The motion in that case is as follows: "Comes now the plaintiff and hereby dismisses the above entitled action without prejudice." We held that refusal to grant such motion was error and therein, supporting the theory that the same doctrine obtains in divorce cases as in other civil cases, are cited *Doty v. Doty, supra* and *Milliman v. Milliman, supra.* The prevailing party in a divorce action may not be compelled to permit a decree to become final against his express desire and over his objection. In the Chamberlain case, supra, the controversy involved the custody of a child as in the present case. The defendant wife had filed neither answer nor cross complaint, differing from the situation in the case before us only to the extent that in this case answer and cross complaint had voluntarily been withdrawn, thus leaving defendant in no better position than if none had been filed. The standing of defendant in the instant case certainly can be said to be no better than that of the defendant in the Chamberlain case. She is, therefore, in no position to dispute the demand of the defendant to dismiss the action as a matter of right.

Accordingly, the judgment is affirmed.