No. 18,431.

NELL B. McCLANAHAN v. COUNTY COURT OF MESA COUNTY, ET AL.
(318 P. [2d] 591)

Decided December 2, 1957.

Messrs. LATTIMER, CRADDOCK & ROBB, for petitioner.

Messrs. ADAMS, HECKMAN, TRAYLOR & ELA, for respondents.

*En Banc.*

MR. JUSTICE KNAUSS delivered the opinion of the Court.

WE issued an alternative writ of prohibition requiring the County Court of Mesa County and the judge thereof to show cause why the divorce action of Nell B. McClanahan, plaintiff v. Charles B. McClanahan should not be dismissed pursuant to the written motion filed by the plaintiff in said action. It appears that on April 23, 1957, an interlocutory decree of divorce was entered in favor of the plaintiff and on May 31, 1957, she filed her verified petition or motion requesting that said interlocutory decree be set aside and the action dismissed. The defendant on July 17, 1957, filed his motion requesting a denial of said motion to dismiss and later filed his motion for the issuance of a citation for contempt against plaintiff, which citation was issued by the trial court. The trial court declined to take action on plaintiff's motion to dismiss.

It is the contention of counsel for plaintiff in this original proceeding that from and after May 31, 1957, the said county court lacked jurisdiction to take action in the case other than to dismiss same, and that the citation for contempt is void and of no effect.

In *Faith v. Faith,* 128 Colo. 483, 261 P. (2d) 225, this court said: "The prevailing party in a divorce action

may not be compelled to permit a decree to become final against his express desire and over his objection."

See, also, *Doty v. Doty,* 103 Colo. 543, 88 P. (2d) 573.

■ It is the rule in this state that the prevailing party cannot be compelled to accept a decree of divorce against her expressed wishes. When plaintiff moved to dismiss the action it was the duty of the trial court to dismiss the case and this was the only thing the trial court could do.