# APPENDIX

## Notes of Cases Not Otherwise Reported.

HUGH O'NEIL, Appellant, v. MARGARET O'NEIL.

MOTION FOR ALIMONY—DISMISSAL—ADJUDICATION AS TO ATTORNEY
FEES.

*Appeal from Page District Court.*—HON. A. B. THORNELL, Judge.

FRIDAY, DECEMBER 11, 1896.

THIS appeal is from an order granting to the defendant temporary
alimony in a suit for divorce. Plaintiff appeals.—*Affirmed.*

*W. P. Ferguson* for appellant.

*C. S. Keenan* for appellee.

GIVEN, J.—I. Plaintiff filed his petition for a divorce on the ground
of desertion, and the defendant answered, alleging that plaintiff had
become ungrateful and overbearing, and abusive to such extent that
she was compelled to leave him. On the same day, she filed her
motion, asking six hundred dollars temporary alimony. Plaintiff
thereupon dismissed his cause of action, and the defendant filed a fur-
ther motion, "for judgment for costs and attorney's fees. for the rea-
son that the plaintiff has dismissed his action, and that the said
expenses have been made through the fault of the plaintiff." The
plaintiff filed a motion to strike that part of defendant's motion,
claiming for attorney's fees, which motion to strike was sustained.
The court held that the dismissal of plaintiff's action did not operate
as a dismissal of defendant's answer as a cross-bill for alimony. There-
after plaintiff filed a reply to the cross-bill, denying any mistreatment on
his part, and alleging that the separation was voluntary, admitting that
as the fruit of their joint labor they had accumulated nine thousand
dollars, and alleging that after their separation, defendant had received
two thousand five hundred dollars in cash, in full settlement of all
claim for alimony and maintenance, and relinquishing to plaintiff, by
quit-claim deed, all claim for dower in his real estate. The case was

(743)

heard on defendant's claim for alimony, and considerable evidence introduced as to the financial condition of the parties, as to what had already been given to the defendant, and the agreements between them. Upon this evidence, the court seems to have concluded that the defendant was not entitled to permanent alimony or maintenance, and, as the defendant has not appealed, we are not called upon to review this conclusion. The court sustained defendant's motion for temporary alimony, allowing her seventy-five dollars for attorney's fees and fifty dollars for expenses in preparing for trial; and it is from this order that plaintiff appeals.

II. Plaintiff contends that the sustaining of his motion to strike defendant's motion for judgment for attorney's fees, was an adjudication against the defendant's right to attorney's fees, and that the court had no jurisdiction to thereafter allow it. Defendant's motion for six hundred dollars temporary alimony, that remained undisposed of, included the subject of attorney's fees; and her second motion was properly stricken, not upon the ground that she was not entitled to an attorney's fee, but because it was merely duplicating the pending motion. The fact that the plaintiff had dismissed his cause, did not, under the state of the pleadings, deprive the court of jurisdiction to inquire as to the defendant's right to alimony. Plaintiff had, by his action. caused the defendant to incur expenses, including an attorney's fee, in preparing for the trial; and it was clearly within the power and discretion of the court to make an allowance therefor in favor of the plaintiff, and to render judgment against the defendant for the allowance. The judgment of the district court is AFFIRMED.