## GIOVANNI CONTINO *vs.* ORSOLO CONTINO.

1. DIVORCE—PETITIONER FOR RULE TO SHOW CAUSE WHY DEFAULT SHOULD NOT BE SET ASIDE MUST ANSWER BEFORE RECRIMINATING EVIDENCE CAN BE OFFERED AT HEARING ON THE RULE.

Where plaintiff has obtained a decree *nisi* on default, and defendant petitions for rule to show cause why the decree *nisi* should not be set aside before evidence of adultery against plaintiff can be offered at hearing on the rule, petitioner for the rule should file an answer to the petitioner for divorce according to the practice in contested divorce cases when adultery is alleged as a ground for divorce.

2. DIVORCE—GRANTING OF RULE TO SHOW CAUSE DOES NOT OPEN A DEFAULT DECREE NISI.

The granting of the rule to show cause does not open a default decree *nisi* but the decree will remain undisturbed unless and until cause be shown why it shall not become absolute, and the burden of showing sufficient cause is upon petitioner for the rule.

*(April 15, 1921)*

BOYCE, J., sitting.

*Leonard E. Wales*  for petitioner.

*P. Warren Green* for respondent.

Superior Court for New Castle County, March Term, 1921.

RULE No. 12, March Term, 1921.

Action for divorce by Giovanni Contino against Orsolo Contino, in which decree *nisi* was entered. On rule to show cause why

proceedings for review should not be had and that final and absolute decree should not be entered, under *Rev. Code* 1915, § 3026. Decree *nisi* set aside and final decree refused.

Plaintiff brought his action to the September term, 1920 (No. 237), stating in his petition the causes for divorce to be desertion and adultery. Failing to obtain personal service on the defendant, an alias summons issued, returnable to the November term (No. 51), following; when, upon proof of publication, a hearing was had without appearance of the defendant, and a decree *nisi* was entered, on December 9, 1920. At the following March term, the defendant preferred a petition, duly verified, to the court for a review alleging, inter alia:

"That she is the defendant in the above stated case, and the wife of the plaintiff, having been lawfully joined in marriage with him at Nusco, Italy, on the first day of March A. D. 1889.

"That the defendant was a resident of Providence, in the state of Rhode Island, at the time of commencement of said cause, while proceedings therein were pending, and when said cause was heard and determined and the decree *nisi* was entered, and she had no actual notice or knowledge thereof, by service of summons or otherwise, or an opportunity to interpose a defense.

"That no effort was made, by or on behalf of the plaintiff, to locate the defendant and notify her that said cause was pending and when the same would be heard.

"That the defendant has a good and lawful defense to the charges alleged in the petition filed by the plaintiff in said cause, which she was unable to present through lack of notice or knowledge as aforesaid—namely that she was and is not guilty of willful desertion or of the several acts of adultery therein mentioned and set forth.

"That the defendant desires an opportunity to present her defense in said cause, both in her own justification and the protection of her property rights."

And she prayed:

That "Giovanni Contino, the plaintiff in said cause, be required and directed by this honorable court, by a rule to show cause, or otherwise, to appear and show cause why the decree *nisi*, heretofore entered therein, should not be set aside, for the reasons given, and a final decree refused," etc.

The respondent in the petition for the rule waived the issuance of the rule and appeared gratis.

Mr. Wales, for petitioner, informed the court that he expected to show at the hearing that the respondent has been guilty of

adulterous acts, and of living in adultery with one Vingenza Abbati, a divorced woman, who had not only made her home with him many years past, but was held out to the public as his wife, and that the respondent was so living at the time this cause was heard and determined by the court.

Mr. Green for the respondent, replied that he should object to any testimony of such character at the hearing on the rule, as the case now stands.

BOYCE, J. [1] If at the hearing on the rule, it is intended to offer testimony of a recriminating nature against the petitioner for divorce, it is suggested that an answer to the petition for divorce be filed by the petitioner for the rule according to the practice in contested divorce cases, when adultery is alleged as a ground for divorce.

[2] It may be well to say at this time that the granting of the rule prayed for does not have the effect of opening the decree *nisi*; but it will remain undisturbed unless and until cause be shown why it shall not become absolute; and the burden of showing sufficient cause is cast upon the petitioner for the rule.

The petitioner for the rule filed an answer, duly verified, to the petition for divorce, in which, inter alia, it was alleged:

"That the plaintiff has been guilty of adultery with one, Vingenza Abbati, a divorced woman, with whom he has been domiciled and living, for a long period of time, to wit, for about 10 years past and upwards, in the city of Wilmington, Delaware, at Nos. 1200 and 1202 Heald Street, and divers other places in said city.

"That during the time aforesaid, the plaintiff has openly consorted with and accepted and treated the said Vingenza Abbati as his wife, has held her out to the public as such and was in fact living with her as his wife at the time the within cause was heard and decided.

"Then when the defendant came to this country from Italy, about nine years ago, to seek her husband, the plaintiff, he not only avoided meeting her, but made every effort in conjunction and connivance with the said Vingenza Abbati, with whom he was living as aforesaid, to get rid of the defendant and cause her to leave him and prevent the resumption of their marital relations.

"That in furtherance of such scheme or purpose it was falsely and maliciously contrived, through the efforts of the plaintiff and the said Vingenza Abbati, with the assistance of others, including Guiseppe Cordisco and Rafealla Romano, to charge and establish the commission of adultery on the part of the defendant.

"That, after such scheme and contrivance had been carried into effect, and adultery was supposedly committed by the defendant, the plaintiff refused to recognize the defendant as his lawful wife, or to receive her into his home, and she was thereby forced and obliged to leave him against her will and was denied his society and support."

She also preferred a petition for an order upon the respondent in the rule to pay her a sufficient sum to defray the necessary expenses of her defense, etc.

Boyce, J.    Mr. Wales, leave is granted to file the petition for expenses, but, before making any order, the court prefers to hear the testimony and determine whether reasonable grounds for this proceeding have been shown.

Boyce, J.    After hearing and considering the evidence adduced at the hearing on the rule, the court is clearly of the opinion that the defendant in the action for divorce has sustained the several allegations contained in her answer to plaintiff's petition for divorce and that the decree *nisi* entered in this case should be vacated and set at naught, and the rule is made absolute. The court will order that the plaintiff pay to his wife, or her attorney, the sum of $75 to cover the necessary expenses of this proceeding.

The following order was thereafter entered:

"And now, to wit, this 10th day of April, A. D. 1921, the petition of Orsolo Contino, the defendant, together with the testimony taken in support of same, having been duly heard and considered, and it appearing to the court that sufficient cause has been shown why a final and absolute decree should be refused and the decree *nisi* signed in the above stated case should be set aside and annulled."

It is ordered that a final and absolute decree in the above-stated case be refused, and that the decree *nisi*, signed on the 9th day of December, A. D. 1920, be and the same is hereby annulled and set aside.

Further ordered that the plaintiff, Giovanni Contino, pay the costs of these proceedings for review, amounting to $28.50, within 60 days.