FREDERICK A. STEVENS *vs.* THE SUPERIOR COURT.

MAY 26, 1922.

PRESENT: Sweetland, C. J., Vincent, Stearns, Rathbun, and Sweeney, JJ.

*(1)   Divorce.   Discontinuance of Petition.   Allowance to Wife.   Counsel Fees.*

When a wife who is a respondent in a divorce proceeding files an application for an allowance to enable her to defend against the husband's petition or for her support *pendente lite,* the right accrues to her under the statute to have a determination upon her application and the husband will not be permitted to defeat that right by a discontinuance.   If a notice of discontinuance is filed after the wife's application for an allowance has been heard and determined in her favor but before a decree has been entered the court should enter a decree as of the date of its determination for such amount as it shall deem proper in the circumstances and the petition should not be discontinued until the rights of the wife are protected.

*(2)   Divorce.   Allowance to Wife.   Counsel Fees.*

It would seem that under the statutory provision for an allowance to the wife in the divorce proceeding to enable her to defend against a petition that counsel fees in connection with the filing and prosecution of the wife's petition for an allowance might be allowed.

*(3)   Prohibition.   When Writ Issues.*

The court will not by the extraordinary and discretionary writ of prohibition restrain a justice of a lower court from the determination of a matter within his general jurisdiction because the petitioner fears that the action of such court may be adverse to him or erroneous, and even where the jurisdiction of the inferior tribunal is questionable or plainly lacking the court will assume that such tribunal will pass correctly upon the question of its own jurisdiction, but the court will leave the parties to their ordinary methods of review, unless it appears upon the face of the record that the inferior tribunal is without jurisdiction and that if it should assume jurisdiction a decision therein might work irreparable injury.

PROHIBITION.   Heard on petition for writ and denied.

SWEETLAND, C. J.   This is a petition for writ of prohibition which shall restrain the Superior Court from taking further action in a petition for divorce except to enter a discontinuance of same.

It appears that on February 13, 1922, Frederick A. Stevens filed his petition for divorce from Claire F. Stevens which petition is now pending in the Superior Court.   On March 27, 1922, upon the application of said Claire

F. Stevens, Mr. Justice CAPOTOSTO in his rescript made an allowance out of the estate of this petitioner for the support of said Claire F. Stevens and the three minor children of petitioner and respondent *pendente lite*, and also an allowance out of his estate for counsel fees to enable her to defend against said petition for divorce.   On March 28, 1922, this petitioner filed in the office of the clerk of the Superior Court a notice of discontinuance of his petition for divorce and served copies of said notice of discontinuance upon the attorneys of record of said Claire F. Stevens.   On April 1, 1922, that being the first motion day in the Superior Court after the filing of the notice of discontinuance, said notice came before Mr. Justice CAPOTOSTO and the matter of the discontinuance of said petition for divorce was partly heard and was continued to April 8th, 1922, for further hearing. Thereupon the petitioner commenced the proceeding now before us.

At the hearing in this court, counsel for the petitioner cited in support of his petition for the writ of prohibition a number of cases from other jurisdictions which he regarded as authorities for the doctrine that a complainant in equity is entitled as a matter of course to discontinue his suit at any time before the entry of an interlocutory or final decree therein.   These opinions however are not pertinent here as the right of the moving party at law or in equity to discontinue his action or suit is regulated by statute.   Section 27, Chapter 283, General Laws, 1909, is as follows: "Sec. 27.  The plaintiff in any civil action, suit, or proceeding at law or in equity, in which process has been returned to any court, may at any time before the trial or hearing thereof be begun file in the office of the clerk of such court, a written notice of discontinuance signed by himself or his attorney, and stating therein the action, suit, or proceeding to be discontinued and the time of filing such notice; and if the action, suit, or proceeding shall have been answered, a copy of such notice shall be given immediately to the defendant or his attorney of record by the plaintiff;

and thereupon said court, on its next motion day, or the next civil session of the district court, shall enter such discontinuance, as of course, and as of the day of filing such discontinuance, unless it shall appear that the rights of some other party thereto, or interested therein, will be impaired by such discontinuance; and no costs accruing after such discontinuance by the court shall be taxable for the defendant."

By virtue of this section, on the next motion day in the Superior Court after the petitioner had filed his notice of discontinuance, there was presented to said justice the judicial question as to whether the rights of the petitioner's wife would be impaired by such discontinuance. This question has been heard in part by said justice and is now pending before him.

The petitioner claims that the Superior Court was without jurisdiction to act otherwise than to enter said discontinuance, because it is contrary to public policy for that court to force a petitioner for divorce to proceed against his will, upon his petition to a decision and final decree which may divorce him from the bond of marriage. We have no reason to assume that the Superior Court is about to take the action which this claim of the petitioner suggests. From what has been made to appear here said justice has under consideration and has continued for further hearing the question of whether the petitioner's wife has rights under her application for an allowance, and the determination of said justice made thereon, which will be impaired by the entry of a discontinuance, and if she has rights the further question as to the conditions which, in justice to the parties, should be imposed upon the entry of discontinuance.

The petitioner further claims that the Superior Court is without jurisdiction for the reason that at the time the petitioner filed said notice of discontinuance that court had not entered a formal decree in favor of the petitioner's wife for the allowance which said justice made in his rescript. In this position the petitioner would have us take too narrow

a view of the effect of the respondent's application under the statute for an allowance out of the estate of her husband. When one spouse brings the other into court upon a petition for divorce certain rights arise to the respondent. By sections 13 and 14, Chapter 289, General Laws, 1909, the respondent may by motion avail himself of any matter which would be open to him upon a cross petition and upon such motion the court may grant affirmative relief to the respondent. This court has held that if a respondent proceeds to avail himself of the benefit of this statutory provision the petitioner will not be permitted to deprive the respondent of such benefit by discontinuance of the petition. *Borda* v. *Borda*, 43 R. I. 384. This benefit is secured to a respondent not by force of a decree entered in the cause, but because of the statutory provision in his favor. If the respondent in divorce be a wife, the statute prescribes that in the discretion of the court an allowance may be made in her favor out of the estate of her husband for the purpose of enabling her to defend against the husband's petition for divorce, provided she has no property of her own available for that purpose; and under the statutory provision giving to the court, which has original jurisdiction in divorce, the power to make such interlocutory decrees as may be necessary (Chapter 247, Section 16, Gen. Laws, 1909), the practice has become established of entertaining the application of a wife, whether a petitioner or a respondent, for an allowance from the estate of her husband for her support *pendente lite*. *Sanford* v. *Sanford*, 2 R. I. 64. When a wife, who is a respondent, files an application for either of such allowances, the right accrues to her under the statute to have a determination upon her application, and the husband will not be permitted to defeat that right by a discontinuance, just as he can not defeat her right to have a determination upon a motion filed by her in the nature of a cross petition. If a decree for an allowance has been entered, then upon the filing of a notice of discontinuance such interlocutory decree should be modified if justice requires its

modification to meet the changed conditions and the court should take such action as would prevent an impairment of the wife's right under the original or the modified decree. If, as in this case, a notice of discontinuance is filed after the wife's application for an allowance has been heard and determined in her favor, but before a decree has been entered, then the court should enter a decree as of the date of its determination for such amount as it shall deem proper in the circumstances; and the petition should not be discontinued until the rights of the wife are protected. If a wife has made application for an allowance in accordance with the statute, then a right has accrued to her, although upon such application there has been neither hearing, determination nor decree; which right should be safeguarded upon discontinuance.

In our opinion said justice was acting within his jurisdiction in considering what modification should be made in his allowance to the wife for counsel fees and expenses if the cause was not to proceed to a final hearing, and also how her rights under the allowances for support and counsel fees should be secured to her in case of a discontinuance. A similar view has been taken by the court in *O'Neil* v. *O'Neil*, 100 Iowa, 743, *Waters* v. *Waters*, 49 Mo. 385, *Woodward* v. *Woodward*, 84 Mo. App. 328.

It appears to be the claim of the petitioner that if there is a discontinuance there should be no allowance for counsel fees. It has been held by some courts that an allowance to (2) the wife for the purpose of enabling her to prosecute or defend against a petition for divorce looks entirely to the future and will not be granted for the purpose of paying the claims of counsel for services already performed. There appears to us, however, to be much force in the contrary opinion, and even when the court has held that generally there should be no allowance for the purpose of paying for services already rendered, an exception has been made in favor of services in connection with the filing and prosecu-

tion of a wife's petition for an allowance. *Anderson* v. *Steger*, 173 Ill. 112.

There is a further fundamental reason, arising out of our established practice in this form of proceeding, which would require us to dismiss the petition. This court will not by the extraordinary and discretionary writ of prohibition restrain said justice from the determination of a matter within his general jurisdiction because the petitioner fears that the action of the justice may be adverse to the petitioner or may be erroneous. In *Haworth* v. *Sherman*, 37 R. I. 249, this court said: "Generally when an inferior tribunal has jurisdiction of the subject-matter of a proceeding, this court will not upon an application for a writ of prohibition consider disputed questions, the determination of which has been committed by law to such inferior tribunal." Even where the jurisdiction of the inferior tribunal is questionable or plainly lacking we will assume that such tribunal will pass correctly upon the question of its own jurisdiction. This court will not prohibit the action of such tribunal but will leave the parties to their ordinary methods of review following a decision, unless it appears upon the face of the record that such inferior tribunal is without jurisdiction and it further appears that if such tribunal should assume jurisdiction a decision therein might work irreparable injury. This court has granted the writ in a number of cases restraining action upon application to take the poor debtor's oath, where the magistrate was clearly without jurisdiction, and a discharge of the debtor would result in an injury to the committing creditor which could not be corrected upon review.

Petition denied. The restraining order heretofore entered is vacated.

*Waterman & Greenlaw*, for petitioner.
*Flynn & Mahoney, Fitzgerald & Higgins*, for respondent.