KATHRYN E. VINYARD V. JOHN C. VINYARD.

(*August* 8, 1946.)

CAREY, J., sitting.

*Caleb M. Wright* for petitioner.

*Robert W. Tunnell* (of Tunnell and Tunnell) for defendant.

Superior Court for Sussex County, February Term, 1946.

CAREY, J.:

At the hearing in this case, I reserved decision on the motion to dismiss the present petition and heard the evidence presented by the parties. This motion to dismiss was based upon the fact that the Court order directing the issuance of the rule did not expressly and in so many words stay the operation of the statute. It is argued that no appeal has ever been taken, that no proceedings for review are pending and that no express order holding up the final decree was entered by the Court before the expiration of one year from the date of the decree nisi.

In his brief, counsel for the defendant cites 46 *Am.Jur.* 103 as authority for the statement that a review is a new trial of the issues before tried. That statement, taken from paragraph 3 on that page, must be read in connection with paragraph 1 on the same page in which it is expressly set forth that this article deals only with the "peculiar statutory proceeding of review as it exists or has existed in a few states of this country." There is no such statute in Delaware and the authority cited by the defendant therefore has no bearing on this case. In fact, the law dictionaries indicate that the terms "review" and "proceedings for review" have various meanings dependent upon their use in any given statute. 37 *Words and Phrases, Perm.Ed.*, p. 588; *Black's Law Dictionary* 1555. I do not deem it necessary to determine whether the term includes the present type of proceeding because it seems to me, that, in any event, the motion to dismiss must be denied.

It is the plain intent of the statute that a divorce shall become final and absolute unless, within the interlocutory period, some action is taken which will have

the effect of holding up the matter. It is also true that the mere issuance of a rule such as this does not have the effect of opening the decree nisi, which will remain in force unless and until reason is shown why it should be vacated. *Contino v. Contino*, 1 *W. W. Harr.* 488, 117 *A.* 514. However, I do not take this to mean that the issuance of the rule will not operate to hold up the final decree pending a hearing or that any specific words are necessary to stay such final decree when the manifest purpose of the rule is to annul the whole proceeding.

In this case, the rule was issued the day before the decree nisi would ordinarily have become final. If it were not intended that the matter be held up until a determination was made, the rule would have been utterly pointless. It would certainly be intolerable to permit the divorce to become final while proceedings are pending for the dismissal of the whole case. In my opinion, the mere issuance of such a rule is sufficient "order" to keep the matter in status quo pending final determination of the petition.

The motion to dismiss this petition is therefore denied.

At the hearing, Betty Louise Vinyard, the daughter of the parties, testified that she had no reason to expect or to hope that her parents would ever become reconciled. The averment in the petition concerning her wishes, if it be otherwise entitled to consideration, has not been substantiated and will be ignored.

With respect to the second reason, which pertains to the petitioner's health, it was shown that she has been working as a practical nurse almost steadily since the decree nisi was entered, as she had been doing prior to that date. She testified that she is troubled with an arthritic condition in her hands and that, while she is presently able to work, she has reason to fear that the time is not far distant when

she will not be able to do so. It is, of course, conceded that every woman who obtains a divorce can foresee the ultimate possibility of bad health. In this instance, I do not see that anything new occurred after the entry of the decree nisi which the petitioner did not know or could not easily have foreseen when she applied for her divorce. Under my view of the evidence, I suspect that she has simply changed her mind for reasons not apparent. The matter thus narrows down to the case of whether or not she may terminate or discontinue her action without establishing some reason for doing so.

■ ■ Most types of civil actions may as a matter of course be discontinued by the plaintiff at any time prior to verdict. 1 *Woolley* 453. Certain exceptions to that general rule, such as replevin, need not now be discussed. This right to discontinue divorce cases prior to hearing has never been questioned in Delaware or elsewhere, as far as I am aware. "It is the general rule in this country and in England that the complaining party may dismiss his libel before interlocutory or final decree, in the absence of any legal interest on the part of the libelee or of the commonwealth to the contrary." *Nicolai v. Nicolai,* 283 *Mass.* 241, 186 *N.E.* 240, 242. No cases holding otherwise have been brought to my attention. I take this statement to mean that the action can not be discontinued after decree nisi except by permission of Court but that the Court will grant its consent in the absence of a showing that some public interest or some peculiar right of the defendant demands otherwise.

■ ■ The defendant insists that the purpose of postponing the granting of a final decree for one year after the decree nisi is to afford the parties an opportunity to become reconciled and to overcome the temptations toward collusion and fraud. The annotation in 109 *A.L.R.* 1005 mentions

various grounds which have been deemed to be sufficient cause to vacate an interlocutory decree, such as reconciliation, adultery, remarriage, fraud and collusion. He suggests that the petitioner has an ulterior motive in bringing this petition and that his personal and property rights would be adversely affected if the decree be now set aside. In what respect his property rights might suffer has not been shown. It is recognized in Delaware that the marital status continues until the divorce becomes absolute. The defendant knew, or should have known, that any one of several things might occur to prevent the dissolution of the marriage. If he made any property arrangements that disregarded that possibility, he cannot now complain.

Likewise, it is difficult to see how he has any personal rights to be affected. To say that the guilty party in a divorce action has a personal right to insist that the divorce be granted against the wishes of the innocent spouse would indeed be an innovation in the law. That is the situation here. Before the decree nisi was entered, the defendant's guilt was established to the Court's satisfaction. He made no effort to contest the action nor has he since done anything to overturn the Court's findings. In view of his guilt, the option rested entirely with the injured wife whether she would ever ask for a divorce or whether she would continue with the proceeding once it was started. To permit him now to insist upon a final decree would be to grant him a divorce indirectly when by the findings of this Court he has no right to obtain one directly.

I recognize the holding in *Morgan v. Morgan*, 1 *W. W. Harr.* 107, 111 *A.* 540, to the effect that a final decree will be entered upon application of a defendant after the interlocutory period has passed if no proceedings of any nature have been started during that time. That case merely establishes the fact that the decree automatically becomes

absolute at the expiration of the year, unless something to bar it takes place in the meantime, and the signing of a final order is purely a formality for the purpose of showing upon the record something which has already occurred. The decision has no bearing upon the case where proceedings to vacate have been instituted during that period.

As was said in *McLaughlin v. McLaughlin*, 44 *R.I.* 429, 117 *A.* 649, 651:

"The law will not force a divorce upon a party entitled to it under the statute if he does not desire it. Nor should the court listen to the guilty spouse demanding an advantage from wrongdoing. From these principles the rule arises that it is error to enter a final decree for divorce against the wish of a petitioner in whose favor a decision has been given."

Massachusetts has a statute which is very closely similar to the Delaware law except that it provides a waiting period of only six months rather than a year. Under this statute, in *Sheffer v. Sheffer*, 316 *Mass.* 575, 56 *N.E.2d* 13, the Court permitted the wife, who was the original petitioner, to discontinue her action in spite of the fact that the lower Court had found that her application for discontinuance was not brought in good faith but solely in an effort to secure a new support agreement from her husband. A similar holding is found in Nicolai v. Nicolai, supra. Other instances where this same rule has been applied are to be found in the annotations to the case of *Chamberlain v. Chamberlain*, 108 *Colo.* 538, 120 *P.2d* 641, 138 *A.L.R.* 1097, collected in 138 *A.L.R.* 1108.

Undoubtedly there may be situations where some public interest or some advantage gained by the petitioner might bar his or her right to discontinue prior to final judgment. See *Winans v. Winans*, 124 *N.Y.* 140, 26

*N.E.* 293. However, no such considerations appear in this case and the rule will therefore be made absolute upon payment of costs.

■ The petitioner has had determined her right to a divorce. She has now solemnly declared to the Court that she does not want a divorce. She will now be assumed to have made her final election and the dismissal of her action will accordingly be with prejudice.