SAMUEL LANDSMAN, Respondent, *v.* KATHERINE LANDSMAN, Appellant.

First Department, May 8, 1951.

*William H. Yaeger* for appellant.

*Millard E. Theodore* for respondent.

*Per Curiam.* Defendant wife, appellant herein, is aggrieved by an order granting to her husband leave to discontinue his action against her for annulment. His right to maintain this action has just been upheld by the Court of Appeals (*Landsman* v. *Landsman,* 302 N. Y. 45).

The chief reason on account of which appellant opposes a discontinuance is that she seeks a judgment in this action awarding to her permanent support under section 1140-a of the Civil Practice Act, originally enacted by chapter 226 of the Laws of 1940. The reason on account of which he evidently wishes to discontinue his lawsuit is to avoid the possibility that he may be compelled to pay for her support by a judgment proclaiming their marriage a nullity. The power of the Supreme Court to award support for the wife under such circumstances has been upheld in *Johnson* v. *Johnson* (295 N. Y. 477).

If the husband could discontinue this action without an adjudication upon the wife's right to support under section 1140-a, she will have lost all opportunity to obtain such support in this action, and would be prejudiced by having to commence an action of her own for annulment against him, even assuming that she could obtain jurisdiction over him therein.

The rule respecting the voluntary discontinuance of actions is correctly stated in Carmody on New York Practice (Vol. 2, § 801) as follows:

"When an action or special proceeding has been commenced, the defendant or a third party may have an interest that it shall be conducted to its termination, and in such case it lies within the discretion of the court to protect such interest by refusing to permit the action or proceeding to be discontinued. For instance, where a defendant has interposed a counterclaim * * *.

" In all cases where a defendant becomes an actor, as where he sets up a counterclaim or sets up a claim to property which is in litigation and asks in his answer affirmative relief in reference thereto, he may resist the discontinuance of the action, and it then rests in the discretion of the court whether or not the plaintiff shall be permitted to discontinue it. A discontinuance should not be granted in such case unless the court can see that the defendant will not be injured or prejudiced in any way." (See *Matter of Lasak,* 131 N. Y. 624, and *White* v. *Glennon,* 171 App. Div. 86.) Voluntary discontinuance has been refused where a plaintiff has left the jurisdiction, after the counterclaim was interposed, for the purpose of evading a new action (*Wilder* v. *Boynton,* 63 Barb. 547). Although the usual situation where discontinuance is denied is where a defendant has interposed a counterclaim, that is not essential. It is enough if a defendant has established rights in the action which will be prejudiced thereby.

The right of defendant wife to apply to the court for support in her husband's annulment suit, is in the nature of a counterclaim; it is at least a right in this action which is liable to be prejudiced by its discontinuance.

The reservation contained in the order appealed from that the discontinuance of this action "shall be without prejudice to defendant's rights, if any, to obtain support under Section 1140-a of the Civil Practice Act by any means she may be advised are available to her in this or any other cause ", does not avert the prejudice resulting to defendant from discontinuance of this action for the reasons above mentioned.

The order appealed from, insofar as it permits discontinuance of this action, should be reversed, with $20 costs and printing disbursements, and plaintiff's motion to discontinue should be denied.

PECK, P. J., DORE, COHN, VAN VOORHIS and McCURN, JJ., concur.

Order, so far as appealed from, unanimously reversed, with $20 costs and printing disbursements to the appellant and the motion denied.