18480

J. R. KNOPF, Appellant, v. Pamela R. KNOPF, Respondent

(147 S. E. (2d) 638)

*Messrs. Thomas E. McCutchen* and *D. Reece Williams, III,* of Columbia, *G. H. Kearse,* of Allendale, and *Randolph Murdaugh,* of Hampton, *for Appellant,*

*Messrs. James H. Fowles, Jr.,* and *Clarkson & McCants,* of Columbia, *for Respondent,*

March 28, 1966.

BRAILSFORD, Justice.

This action for divorce on the ground of desertion was commenced by J. R. Knopf against Pamela R. Knopf in the Richland County Court. Before issue joined, the husband served a motion for an order of dismissal to be heard on the fourth day after service. Pending the hearing of this motion, the wife filed an answer in which she denied the allegations of the complaint on which the husband sought a divorce, and, "By Way of Affirmative Relief," sought custody of the two children of the parties.

In due course, Honorable John A. Mason, county judge, heard and refused the motion to dismiss the action, and the husband has appealed.

The complaint alleges that the two children are in the custody of their paternal grandparents in Allendale County, where they and the husband reside, and asks that permanent custody be awarded to such grandparents. It is stipulated in the statement of the case that prior to the commencement of the action, the wife had voluntarily delivered possession of the children to their present custodians. By her answer the wife alleges that the grandparents are of advanced age and that custody of the children should be awarded to her. The prayer of the answer seeks the dismissal of the complaint and the issuance of a custody order in favor of the wife.

In many jurisdictions, a plaintiff has the statutory right to discontinue his action at any time prior to the filing of a pleading by his adversary seeking affirmative relief. Where such plea is not filed until after the plaintiff has filed a motion to dismiss, it is generally held that plaintiff's right to dismiss is not defeated thereby. 24 Am. Jur. (2d), page 38; 71 A.L.R. 1001.

" '[T]he right to a voluntary nonsuit is fixed at the moment that it is claimed. A defendant is not thereafter entitled to claim a setoff. or seek affirmative relief so as to prevent the granting of the nonsuit.' " Krause v. Borjessan, 55 Wash. (2d) 284, 347 P. (2d) 893.

In *Scott v. Scott,* 259 N. C. 642, 131 S. E. (2d) 478, a divorce action, it was held that plaintiff's motion to dismiss, filed December 17, 1962, should have been granted when heard on January 8, 1963, although on December 18, 1962, the defendant had filed notice of a motion to be allowed to amend her answer by setting up a cross-action for alimony without divorce.

Although we have no governing statute, the rule with us as to plaintiff's right to dismiss is substantially the same and the reasons for determining such right according to the facts as they existed when the notice of motion was given are applicable.

"If the discontinuance or dismissal before trial will not result in legal prejudice to the defendant, a plaintiff ordinarily has a right to discontinue any action commenced by him. A party should no more be compelled to continue a litigation than to commence one, except where substantial rights of other parties have accrued and injustice will be done to them by permitting the discontinuance. In such a case, through the control which the Court exercises over its order, there is discretion to refuse the discontinuance, * * *." *Parnell v. Powell,* 191 S. C. 159, 161, 162, 3 S. E. (2d) 801, 802.

The denial of a plaintiff's motion to discontinue his action "is not discreet in the absence of some good reason for resultant prejudice to defendant." *Wildhagen v. Ayers,* 225 S. C. 384, 387, 82 S. E. (2d) 609, 610.

"The rule in this State is that a plaintiff is entitled to a voluntary nonsuit without prejudice as a matter of right unless there is a showing of legal prejudice to the defendants. The trial Judge has no discretion with respect to the granting of such a motion unless and until legal prejudice is shown. * * *" *Gulledge v. Young,* 242 S. C. 287, 291, 130 S. E. (2d) 695, 697. Opinion by the late beloved Chief Justice Taylor.

Under Section 20-115, Code of 1962, an action for divorce brings with it the issue of child custody, and the divorce court has continuing jurisdiction of such issue as "incident and subsidiary to the principal issue of divorce." *Jackson v. Jackson,* 241 S. C. 1, 13, 126 S. E. (2d) 855, 862. Here, the wife's "affirmative" plea is barren of any allegation of fact sufficient to invoke the jurisdiction of the court to adjudicate the issue of child custody between the spouses. Thus, the plea lacks vitality except as ancillary to the divorce action, in which the wife denies the critical allegations of the complaint and seeks its dismissal. In this situation, the wife cannot insist on the maintenance of the action as a means of preserving the county court's jurisdiction of the custody issue, which, under the facts, it may properly exercise only as a divorce court.

Under the peculiar facts of this case, we find no basis for concluding that to allow the husband's motion to discontinue would result in legal prejudice to the wife. Therefore, the court had no discretion to refuse the motion.

Reversed and remanded for the entry of an order of dismissal.

Moss, Acting C. J., LEWIS and BUSSEY, JJ., and LEGGE, Acting J., concur.