**HUSBAND M., Plaintiff,**

v.

**WIFE M., Defendant.**

Superior Court of Delaware,
New Castle.

May 16, 1972.

Charles K. Keil, Wilmington, for plaintiff.

Garry G. Greenstein, Wilmington, for defendant.

OPINION

O'HARA, Judge.

Plaintiff filed suit for divorce on the grounds of incompatibility. Defendant filed an answer denying the allegations of the complaint and also filed an affidavit of dependency. However, on the day of trial, defendant did not pursue the contest indicating, through her attorney, that the real issue between the parties was a resolution of property claims, alimony and attorney fees, which matters, if not agreed upon, could be resolved at a subsequent hearing. In due course these matters were brought on before the Court and after the entry of the decree nisi the defendant was awarded $30.00 per week alimony. Thereafter plaintiff moved to vacate the decree nisi or dismiss the petition for divorce to which defendant objects.

The decree nisi was granted on February 25, 1972. The divorce has not become final to date. Plaintiff has not urged any specific factual basis in support of his motion to vacate and dismiss but has chosen to rely entirely upon the general rule that civil actions, including divorces, are ordinarily and, as a matter of course, discontinued upon request of plaintiff at any time prior to final verdict.

The pertinent statutory provisions of the Delaware law, 13 Del.C. § 1534, provide that:

"A decree nisi shall become absolute after the expiration of three months from the entry thereof, unless appealed from or proceedings for review are pending, or the court, before the expiration of said period for sufficient cause, upon its own motion, or upon the appli-

cation of any person, whether interested or not, otherwise orders. . . . ." *

Under the provisions of this statute the discontinuation of an action is not a matter of right but is subject to the Court's discretion. Judge James B. Carey, now Justice Carey, in Vinyard v. Vinyard, 4 Terry 422, 48 A.2d 497 (Del.Super.1946), in ruling upon a case almost directly in point, said:

". . . . the action can not be discontinued after decree nisi except by permission of Court but that the Court will grant its consent in the absence of a showing that some public interest or some peculiar right of the defendant demands otherwise."

As a matter of fact, the *Vinyard* decision is the main source of authority relied upon by the plaintiff in this instance, the decision, as indicated, being on the very point raised here. Other authorities relied upon by plaintiff either formed a basis for Justice Carey's decision or relied upon *Vinyard,* subsequently. In any event, this Court is here called upon to carefully examine the *Vinyard* decision in view of its pertinency to the matters herein presented.

It should be first noted that Justice Carey, in his careful analysis of the basis of the conclusion he reached, pointed out at least two significant factors. For instance, he recognized that "undoubtedly there may be situations where some public interest or some advantage gained by the petitioner might bar his or her right to discontinue prior to final judgment". Further, Justice Carey recognized that in the absence of some recognizable personal right of defendant which would be affected that the defendant's standing to deny plaintiff's right to withdraw an application for divorce would tend to give relief to an unentitled party. For example, Justice Carey said:

". . . . To say that the *guilty* party in a divorce action has a personal right to insist that the divorce be granted against the wishes of the innocent spouse would indeed be an innovation in the law. That is the situation here. Before the decree nisi was entered, the defendant's guilt was established to the Court's satisfaction. He made no effort to contest the action nor has he since done anything to overturn the Court's findings. In view of his guilt, the option rested entirely with the injured wife whether she would ever ask for a divorce or whether she would continue with the proceeding once it was started. To permit him now to insist upon a final decree would be to grant him a divorce indirectly when by the findings of this Court he has no right to obtain one directly." (Italics supplied).

The *Vinyard* decision must be read in the light of the status of divorce law in Delaware at that time, and, as it now exists, in order to determine whether or not there is an "absence of a showing that some public interest or some peculiar right of the defendant demands otherwise". At the time of the *Vinyard* decision it was most appropriate for Justice Carey to point out that to deny an innocent spouse the right to withdraw a petition for divorce would be "an innovation in the law". Divorce petitions at that time were all grounded upon causes of action wherein the plaintiff was called upon to establish the "guilt" of the defendant as defined by the law. In *Vinyard,* for example, plaintiff-wife sought and initially obtained a decree based upon an allegation of wilful desertion on the part of husband. At that time in the development of the law it was the accepted philosophy that the continuation of marriages should be encouraged

---

* Further amendment to this section of the law in providing for the entry of a final decree thirty days from the date of the granting of a decree nisi is not applicable here inasmuch as the effective date of that amendment is March 6, 1972 and does not apply to this action filed July 14, 1971.

and their termination discouraged unless there was established a firm foundation of "guilt" on the part of defendant.

The philosophy and attitude toward marriage underlying the *Vinyard* decision has undergone a change in the State of Delaware, as reflected in legislation establishing incompatibility as a ground for divorce. Since the recent enactment of this ground for the dissolution of marriage, our Courts have on several occasions pointed out that this ground for divorce does not require a showing of "guilt" on the part of defendant but is based on the concept that where a marriage, for all intents and purposes, has ceased to function due to irreconcilable differences of personalities between the parties causing rift and discord, that the marriage should be dissolved and this without labeling either one of the parties guilty or innocent.

This legislative change in the divorce law of this State is clear indication that the continuation of a marriage, except in extreme situations, is not the continuing primary concept of the law in Delaware. Conversely, it would appear that the legislature, in its wisdom, indicated that divorce should be granted in this State, whenever defendant is "guilty" of one or more indicated marital wrongs or when the parties are merely incompatible. In this context the defendant here is seeking to prevent plaintiff from vacating a decree nisi already granted.

To refuse this plaintiff the right to withdraw his petition for divorce would not be rewarding a "guilty" person nor would defendant be obtaining a divorce indirectly when the findings of the Court indicated she was not entitled to one directly. To the contrary, the finding of this Court at the hearing which resulted in the granting of the decree nisi, in effect, was a finding that there was incompatibility as defined by the law and that either party was entitled to a divorce.

■ Applying the new or different attitude toward divorce, commented upon herein, to the factual situation in this case, the Court finds that to vacate the decree and to permit the withdrawal of the petition at this time would deprive defendant of a substantial right obtained by her as a consequence of the granting of the decree nisi and the proceedings which followed. The Court here is alluding to the fact that the defendant-wife received an award of $30.00 per week alimony. While it is true that this award does not come into effect until a final decree is entered this, in and of itself, changes not at all the practical effect to the defendant of depriving her of the alimony which would soon be payable.

It should be further noted at this juncture that the changing divorce law in the State of Delaware has also brought about the establishment of alimony in connection with the granting of divorce on the grounds of incompatibility. This is not only further legislative recognition of a change of attitude toward divorce but is additional support for the concept that the granting of alimony to a defendant-wife is a recognizable and substantial legal right.

It is this Court's conclusion that the *Vinyard* decision is not controlling in the light of the changes in the divorce laws since that time, and that in the circumstances here presented the Court is satisfied that vacating the decree nisi and discontinuing the Court action instituted by plaintiff for divorce would be in derogation of an established public interest and substantial legal rights of the defendant.

For the reasons stated, the Court, therefore, concludes that plaintiff's petition to vacate the decree nisi and to dismiss the captioned action should be denied.

It is so ordered.