H. C. M., Petitioner,

v.

E. W. M., Respondent.

B. E. M., Petitioner,

v.

D. A. M., Respondent.

Family Court of Delaware,
New Castle.

Submitted Nov. 16, 1979.

Decided March 10, 1980.

Gerald Z. Berkowitz, Knecht, Greenstein, Schagrin & Berkowitz, Wilmington, for petitioner in first case.

H. Alfred Tarrant, Jr., Cooch & Taylor, Wilmington, for respondent in first case.

David Clayton Carrad, Wilmington, for petitioner in second case.

Charles K. Keil, Bayard, Brill & Handelman, Wilmington, for respondent in second case.

JAMES and POPPITI, Judges.

Separate divorce actions before two judges of this Court require a determination as to whether the respective petitioners are entitled to an order of voluntary dismissal without prejudice over the objection of the respondents.

Petitioner husband H.C.M. filed a divorce action in December 1978 on the grounds of voluntary separation and incompatibility, subsequently indicating that he did not plan to pursue the voluntary separation ground. Petitioner husband B.E.M. filed a petition for divorce on March 22, 1979, on the ground of incompatibility.

Both respondents, E.W.M. and D.A.M., timely filed responsive pleadings which, *inter alia*, contested the jurisdiction of this Court, denied the grounds alleged in the petition, and requested interim and permanent alimony under 13 *Del.C.* § 1512, if the divorce was granted. Further, both filed affidavits of dependency in accordance with the statutory requirement.

The H.C.M.–E.W.M. contested divorce action was scheduled for a hearing on August 21, 1979, and the B.E.M.–D.A.M. action was scheduled to be heard on August 1, 1979.

At the time these actions were initiated, 13 *Del.C.* § 1512 authorized permanent alimony for respondents in incompatibility cases if they met the other statutory test of dependency set forth in 13 *Del.C.* 1502(5) and 1512(a). However, on July 13, 1979, the Governor signed into law an amendment to § 1512 which limited alimony to a maximum of two years for respondents in incompatibility actions where, as in both cases at bar, the marriage between the parties had lasted less than twenty years. This new statute, H.B. 477, with an effective date of thirty days after the Governor's signature, or August 13, 1979, provides in Section 4:

"Actions commenced prior to the effective date of this Act shall be governed by the provisions of Chapter 13, Title 13 operative prior to such effective date and those provisions shall remain effective as to those actions as if this Act were not in effect."

Petitioner B.E.M. filed a motion to dismiss or withdraw his divorce petition on July 27, 1979. On August 16, 1979, he filed a second petition for divorce, alleging the same facts as his first petition except for a separation since March 23, 1979, the day after the filing of the first action. Respondent D.A.M., although served with the second petition, has not answered to date.

At the August 1, 1979 hearing, the Court considered both the separate civil support petition of Respondent D.A.M., as well as her motion in the divorce action for temporary alimony, both filed on July 3, 1979. Over petitioner's objection, the Court entered orders in the divorce action and the civil support proceeding, without prejudice to the position of either party on petitioner's motion to dismiss or withdraw his divorce action. By letter, Petitioner B.E.M. consented to the entry of any order already made in the first divorce action in the second, *nunc pro tunc*.

On August 1, 1979, Petitioner H.C.M. filed a similar motion to dismiss his petition without prejudice in the aforementioned contested divorce, but he has taken no further action in this divorce proceeding nor filed a second divorce petition.

Both motions to dismiss or withdraw the divorce petitions are made pursuant to Superior Court Civil Rule 41(a)[1] and the Court

1. "(a) Voluntary Dismissal: Effect Thereof
"(1) By Plaintiff; by Stipulation. An action may be dismissed by the plaintiff without order of Court (I) except in replevin, by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs, or (II) by filing a stipulation or dismissal signed by all the parties who have appeared in the action. Unless otherwise

must determine whether a voluntary dismissal will lie and upon what terms such order would be made. Following extensive briefing, two judges of the Court sat *en banc* to hear oral argument from the attorneys representing all parties to the above divorces.

The question presented to this Court is one of first impression and is clearly addressed to the sound discretion of the Court, to be determined "after attempting to secure substantial justice to both parties." *Lunn v. United Aircraft Corporation*, 26 F.R.D. 12 (D.Del., 1960).

█ Petitioners first argue that respondents are estopped from opposing the motions to dismiss by virtue of their prior pleadings, alleging that there is no incompatibility and no jurisdiction in Family Court of Delaware and, thus, asking for a dismissal of the divorce petition. However, by requesting the alternative relief of alimony should the Court find both jurisdiction and incompatibility, respondents have plead in the alternative and the doctrine of estoppel "does not preclude a party from seeking inconsistent and alternative relief in the same action." 31 C.J.S. *Estoppel* § 118 at page 629 (footnotes omitted).

Petitioner next argues that the loss to respondents of a possible maximum lifetime eligibility for alimony rather than just two years, is not a "peculiar right" to a respondent sufficient to justify the denial of the motion to dismiss in derogation of the general rule that civil actions are ordinarily discontinued upon request of petitioner at any time prior to final verdict.

In *Husband M. v. Wife M.*, Del.Super., 293 A.2d 589 (1972), the Superior Court held that as a result of the granting of a *decree nisi* in a husband's suit for divorce on the ground of incompatibility, and an award of alimony to the wife, the wife obtained a substantial right; and to grant the husband's petition to vacate the decree and dismiss his action would be in derogation of an established public interest and the substantial legal rights of the respondent. The Court, in *M. v. M.*, *supra*, distinguished its prior holding in *Vinyard v. Vinyard*, Del.Super., 48 A.2d 497 (1946), in light of the changes in the public policy toward divorce as reflected by Delaware's changed divorce laws and the establishment of alimony in connection with the granting of divorce on the ground of incompatibility.

Although neither *Vinyard* nor *M. v. M.*, *supra*, deal with a prehearing motion for dismissal, both cases recognize that "Undoubtedly there may be some situations where some public interest or some advantage gained by the petitioner might bar his or her right to discontinue prior to final judgment." *Vinyard*, 48 A.2d at 501.

Petitioners have cited cases from a number of jurisdictions which support the argument that prior to the judicial determination of respondents' entitlement to alimony under Delaware law (i. e., at the ancillary hearing), the mere possibility of obtaining alimony for life is neither a "vested" nor a "substantial" right of sufficient dignity

stated in the notice of dismissal or stipulation, the dismissal is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed in any court of the United States or of any state an action based on or including the same claim.

"(2) By Order of Court. Except as provided in paragraph (1) of this subdivision of this Rule, an action shall not be dismissed at the plaintiff's instance save upon order of the Court and upon such terms and conditions as the Court deems proper. If a counterclaim has been pleaded by defendant prior to the service upon him of the plaintiff's motion to dismiss, the action shall not be dismissed against the defendant's objection unless the counterclaim can remain pending for independent adjudication by the Court. Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice." Where a procedural matter dealing with a divorce proceeding is not addressed by the Family Court Rules, the Rules of the Superior Court govern by virtue of 13 *Del.C.* § 1522 which provides in relevant part:

"(a) All parties to any of the proceedings brought pursuant to this chapter shall possess all the procedural rights which those parties would have heretofore possessed in any of the proceedings brought pursuant to this chapter in the Superior Court of this State including but not limited to the following: . . . ."

that a dismissal would work any legal prejudice to respondent. See, e. g., *Ryan v. Ryan*,[2] Fla.Supr., 277 So.2d 266 (1973). See also *Knopf v. Knopf*,[3] S.C.Supr., 247 S.C. 378, 147 S.E.2d 638 (1966). However, the issue here is not whether alimony itself is either a "substantial" or "vested" right at this point in the divorce action. Rather, in order to meet the guidelines established under *M. v. M.* and *Lunn, supra,* the Court must examine the respondents' interests to determine whether allowing the petitioners a dismissal of these proceedings pursuant to Rule 41(a) would so advantage petitioners as to work an injustice to the respondents.

■ The Court concludes that, by their responsive pleadings and the filing of an

affidavit of dependency, respondents have taken every legal step necessary to preserve their right to a determination of the entitlement to alimony.[4] This right to an alimony determination would be substantially and unjustly impaired should the Court grant petitioners' motions. To deprive respondents of the opportunity to have their alimony claims heard, as requested in accordance with and under the terms of existing law, would not only be prejudicial to their rights,[5] but also would contravene public policy.[6]

For the reasons herein stated, petitioners' motions to dismiss or withdraw are hereby denied. In addition, although all the parties have a right to file a petition for di-

2. The Supreme Court of Florida, in analyzing the drastic change in alimony wrought by Florida's new divorce law, inquired as, to whether potential alimony was a "property right" under the contract of marriage as to be "impaired" contrary to Florida Constitution, held that "a potential equitable interest as alimony is not yet vested but arises only upon subsequent judicial determination (or settlement)." 277 So.2d at 270.

3. In reversing the trial court's denial of a husband's motion to dismiss his divorce petition, the Supreme Court of South Carolina held that even though the dismissal would strip the trial court of its jurisdiction to entertain wife's application for custody, the wife had not shown that she would be legally prejudiced by loss of a substantial right by the dismissal.

4. The fact that the respondents do not want a divorce does nothing to lessen their entitlement to appropriate relief under Delaware law should this Court find that petitioners have proven both jurisdiction and the irretrievable breakdown of the marriage due to incompatibility.

5. See, e. g., *Stevens v. Superior Court*, R.I. Supr., 44 R.I. 282, 117 A. 232 (1922) and *Landsman v. Landsman*, App.Div., 278 App.Div. 214, 104 N.Y.S.2d 301 (1951). In *Stevens, supra,* the Supreme Court of Rhode Island, in upholding a lower court's denial of a plaintiff husband's motion for discontinuance, stated:

"When a wife who is a respondent files an application for either of such allowance, [support pendente lite and allowances to enable her to defend against the divorce petition] the right accrues to her under the statute to have a determination upon her application, and the husband will not be permitted

to defeat that right by a discontinuance, just as he cannot defeat her right to have a determination upon a motion filed by her in the nature of a cross-petition. . . .

"If a wife has made application for an allowance in accordance with the statute, then a right has accrued to her, although upon such application there has been neither hearing, determination, nor decree, which right should be safeguarded upon discontinuance." 117 A. at 234.

In *Landsman, supra,* an order permitting a husband to discontinue his annulment action against his wife was reversed and the court held that the right of the respondent wife to permanent support would be lost if he was permitted to discontinue and therefore the case fell within the rule that a discontinuance should not be permitted where the respondent will be injured or prejudiced. The Court further stated that the right of the wife to apply for support was in the nature of a counterclaim, and that since she might never be able to get jurisdiction over her husband in a subsequent action in her own behalf for support, the order permitting the husband to discontinue would prejudice her and was therefore improper. See also, 16 A.L. R.3d *Divorce-Voluntary Dismissal* 238, § 21.

6. Notwithstanding the right of petitioner to institute and retain complete control of the suit pursuant to 13 *Del.C.* § 1522(a)(1), H.B. 477 specifically provides that the law shall not govern pending actions. Allowing petitioners to withdraw after respondents have perfected their right to have the alimony issue heard would, therefore, contravene the specific directive of this statute and, thus, would be in opposition to the public interest as expressed through legislative action. See generally 72 Am.Jur.2d, *Statutes* §§ 387 and 389. See also *Camille J. v. J. R. J.*, Del.Fam.Ct., 1217, (February 20, 1980, Parrish, J.).

vorce as each new cause of action accrues, this Court will stay all subsequently filed actions until a final adjudication has been made on the petitions now before the Court.[7] However, should either petitioner or respondent fail to apply for a hearing within one year from the date of this decision, the petitions shall be dismissed for want of prosecution, in accordance with Family Court Rule 466.[8]

IT IS SO ORDERED.

---

7. See, e. g., *H. v. H.,* Del.Supr., Nos. 170 and 259, 1977, (April 27, 1978, McNeilly, J.); *Rodek v. Rodek,* Del.Fam.Ct., No. 2211, 1979, (February 21, 1980, Wakefield, J.).

8. Rule 466. Dismissal of Actions.

"Where an action has been pending for more than 1 year without any proceedings having been taken therein during that year, the Clerk of Court shall mail to the parties a notice that the action will be dismissed by the Court for want of prosecution if no proceedings are taken therein within 30 days. If no proceedings are taken therein within 30 days after the mailing of such notice, the action shall be dismissed by the Court as of course for want of prosecution. An action may also be dismissed for want of prosecution on motion of any party or by the Court on its own motion."